[No. 2265]

## AUGUSTA ELIZABETH WALKER, RESPONDENT, v. CHANDLER MERRILL WALKER, APPELLANT.

[164 Pac. 653]

1. DIVORCE—DISPOSITION OF PROPERTY—STATUTE.

The power of the court given by Rev. Laws, 5841, to make such disposition of the property of the parties as shall appear just and equitable in granting a decree of divorce, is limited by Const., art. 4, sec. 31, Stats. 1864–65, c. 76, and Stats. 1873, c. 119, determining the property rights of husband and wife.

2. DIVORCE—DISPOSITION OF PROPERTY—STATUTE—IMPLIED REPEAL.

Rev. Laws, 2166, determines the rights of the parties to the community property on dissolution of the marriage, though the earlier statute, section 5941, empowering the court to dispose of the property on granting a divorce, has not been amended or repealed in terms.

3. DIVORCE—EFFECT ON PROPERTY RIGHTS—STATUTES.

Under Const., art. 4, sec. 31, Stats. 1864–65, c. 76, and Stats. 1873, c. 119, fixing the property rights of husband and wife, the dissolution of the marriage does not of itself operate to change the property rights.

4. DIVORCE—PROPERTY RIGHTS—POWER OF COURT—WIFE'S SEPARATE PROPERTY—STATUTE.

The declaration of Rev. Laws, 2172, that neither husband nor wife has any interest in the property of the other, is subject to the exceptions of section 2173, allowing either to enter into any contract with the other subject to the general rules which control the actions of parties occupying relations of confidence and trust towards each other, and under the latter provision, one spouse may acquire an interest, legal or equitable, in the separate property of other which the court, in granting a divorce, can protect under section 5841.

5. DIVORCE—PROPERTY RIGHTS—POWER OF COURT—RIGHT OF GUILTY PARTY—WIFE'S SEPARATE PROPERTY.

Where a husband whose wife was granted a divorce for his misconduct had settled on her at the time of the marriage property of the value previously agreed on, which had in the meantime enormously increased in value, and which left the husband without property of his own, the court can, under the power to dispose of the property as shall appear just and equitable given by Rev. Laws, 5841, protect any equity of the husband in such property notwithstanding his guilt, which is only one of the factors to be considered in determining the property rights.

APPEAL from Second Judicial District Court, Washoe County; R. C. Stoddard, Judge.

Suit by Augusta Elizabeth Walker against Chandler Merrill Walker for divorce. From a judgment for plaintiff after motions to strike the answer and a general

demurrer thereto were sustained, defendant appeals. Judgment and case **remanded** for determination of the property rights of the parties.

*Ayres & Gardiner*, for Appellant:

The relief asked by the appellant is based upon the first sentence of the statute (Rev. Laws, 5841), which has never been qualified by subsequent legislation or decision, and is not out of harmony nor inconsistent with any other portions of the statutes. To be litigated, property rights must be pleaded. (*Howe* v. *Howe*, 4 Nev. 473; *Bowers* v. *Bowers*, 78 Pac. 430; *Dodds* v. *Dodds*, 98 Pac. 748.)

Division of separate property of spouses upon divorce. (*Raper* v. *Raper*, 50 Pac. 502; *Martin* v. *Martin*, 87 N. W. 232; *Budlong* v. *Budlong*, 86 Pac. 648; *Webster* v. *Webster*, 26 Pac. 864; *Shequin* v. *Shequin*, 152 N. W. 823.)

The authorities recognize no distinction, under statutes similar to ours, whether wife or husband receive the divorce and whether wife or husband own the property. (*Fields* v. *Fields*, 27 Pac. 267; *Campbell* v. *Campbell*, 112 N. W. 481; *Kolbe* v. *Kolbe*, 97 Pac. 236; *Gallagher* v. *Gallagher*, 61 N. W. 1104; *Wuest* v. *Wuest*, 17 Nev. 217; *Lake* v. *Bender*, 18 Nev. 361.)

The procedure of appealing upon property rights alone, without disturbing the divorce, has been sanctioned by this court. (*Lake* v. *Bender*, 18 Nev. 361.)

"If there ever could arise a case in which the court would depart from the ordinary rule of division, and under their power of doing what was just and right make such provision as would meet the extraordinary circumstances of a particular case, this is one which strongly demands the interposition of the court." (*Fitts* v. *Fitts*, 14 Tex. 443.)

*Cole L. Harwood*, for Respondent:

In the absence of statutory provisions, a court has no power to divide property, even in favor of the innocent wife, against the guilty husband. (Bishop, M. D. & S., chap. 35, par. 1117.) The statutes do not authorize the

giving of any of the separate property of the innocent wife to the guilty husband. (*Johnson* v. *Garner*, 223 Fed. 756; *Darrenberger* v. *Haupt*, 10 Nev. 43.) Section 5841, Revised Laws, cannot be construed separate and apart from section 5843. (*Wuest* v. *Wuest*, 17 Nev. 217.) "All the statutes upon the subject in hand must be construed together as parts of one whole." (*Lake* v. *Bender*, 18 Nev. 361; *Powell* v. *Campbell*, 20 Nev. 232.)

No court has jurisdiction to divest the wife of her separate property, whether she be innocent or guilty. If this power exists, it must be contained in the statute. (Bishop, M. D. & S., *supra; Powell* v. *Campbell, supra; Reid* v. *Reid*, 44 Pac. 564.)

By the Court, SANDERS, J.:

Augusta Elizabeth Walker brought her suit in the District Court of the Second Judicial District of the State of Nevada, in and for the County of Washoe, against her husband, Chandler Merrill Walker, for a divorce on the ground of extreme cruelty. Her complaint, after charging the defendant with numerous cruelties, indignities, and gross misconduct, alleges:

"That there has been no issue of said marriage, and there is no community property; that the plaintiff has independent means sufficient for her own support, and does not desire any alimony from the defendant."

The answer of the defendant denies the acts of cruelty charged in the complaint, and, by appropriate language, justifies, palliates, or explains his own conduct by charging the plaintiff with various acts of misconduct as being calculated to, and which did, bring about the condition of which plaintiff complains; and continues as follows:

"Defendant further alleges: That about two weeks before plaintiff and defendant were married and after they had become engaged to be married, the father of plaintiff came to defendant and urged him to make a marriage settlement upon the plaintiff. That defendant finally agreed to give plaintiff the sum of fifty thousand dollars ($50,000), which was about one-third of all the

property defendant had. That pursuant to said promise defendant gave to plaintiff, shortly after their marriage, one hundred shares of the capital stock of the Canadian Ford Company, Ltd., a corporation then and still conducting an automobile factory in Walkerville, Canada; that at said time said stock was worth approximately one hundred dollars ($100) per share, or ten thousand dollars ($10,000); that it has since greatly enhanced in value and that it is now worth the reasonable market value of at least two million dollars ($2,000,000).

"That defendant, in the year 1911, pursuant to said promise, gave to plaintiff certain real property of the value of forty thousand dollars ($40,000).

"That about the time of the transaction last mentioned defendant gave to his son the balance of his property and the defendant now has no property nor means of his own and is dependent upon his son for his support.

"That commencing almost immediately after marriage, plaintiff failed to manifest any affection for defendant and with great frequency told him that she married him only for his money and defendant alleges, upon and according to his information and belief that plaintiff had married defendant only for his money and that prior to the time of the consent of defendant to said marriage settlement it was agreed between plaintiff and her father that plaintiff would, if her father could secure from defendant a settlement of $50,000, pay to her father the sum of $20,000, which agreement has never been fulfilled in whole or in part.

"Wherefore, the defendant prays that the bonds of matrimony existing between plaintiff and defendant be dissolved; that the court ascertain and determine all property of the parties and of each of them and its value; that the court make such disposition of the property of the parties as shall appear just and equitable, having regard to the respective merits of the parties, to the condition in which they will be left by the divorce, and to the party through whom the property was acquired; that the property given plaintiff by defendant, or such portion

thereof as may be equitable, be restored to defendant; for such other and further orders as may be meet in the premises, and for general relief."

Upon the coming in of the answer the plaintiff moved to strike the portion quoted, and also interposed a general demurrer, and directed the demurrer to the paragraphs quoted. The court sustained both. The defendant thereupon declined to plead over, and the court, on the first day of August, 1916, granted to plaintiff a divorce, and made no disposition of the property of the parties, or either of them. The defendant appeals to this court from the judgment and from the orders sustaining plaintiff's motions.

1. The pleadings involve the construction of the first sentence of section 5841, Revised Laws, which is as follows:

"In granting a decree of divorce the court shall also make such disposition of the property of the parties as shall appear just and equitable, having regard to the respective merits of the parties, and to the condition in which they will be left by such divorce, and to the party through whom the property was acquired, and to the burdens imposed upon it, for the benefit of the children."

This language manifestly intended to confer upon courts power to make an equitable division of the property of the parties upon the dissolution of the marriage. (*Wuest* v. *Wuest*, 17 Nev. 223.) But since the adoption of our constitution and the enactment of a law more clearly defining and differentiating the property rights of husband and wife (Const., art. 4, sec. 33, Stats. of Nev., 1864–5, 1873), it is evident that it is incumbent upon courts, in making disposition of the property of the parties in granting a divorce, to consider the fact that now all property of husbands and wives is held in common or belongs solely to one or the other. (*Lake* v. *Bender*, 18 Nev. 404).

Keeping in view this fact, in determining what estate is now embraced by section 5841, courts are controlled by the limitations placed thereon by the subsequent law

defining and differentiating property rights of husband and wife.

**2.** It is evident that the later act controls the disposition of community property upon the dissolution of the marriage, although section 5841 has not been amended or repealed in terms. (*Lake* v. *Bender*, *supra*; *Johnson* v. *Garner*, 233 Fed. 756; Rev. Laws, 2166.)

But no mention is made in the act of the disposition to be made of the separate estate of the parties.

We are now asked to do by interpretation what the legislature has failed to do by express enactment.

**3, 4.** So manifest is the intent of the constitution, and the later law passed pursuant to its requirement, to create, define, and fix the status of a legal separate estate in husbands and wives, that to now hold that the dissolution of the marriage in itself operates to change a rule of property would not only be repugnant to the organic law but would be abrogative of the law passed pursuant to its injunction. The declaration, however, in the later act, that neither husband nor wife has any interest in the property of the other (Rev. Laws, 2172) is subject to the exceptions therein provided for, namely:

"Either husband or wife may enter into any contract, engagement, or transaction with the other, or with any other person, respecting property, which either might enter into if unmarried, subject in any contract, engagement, or transaction between themselves, to the general rules which control the actions of persons occupying relations of confidence and trust towards each other." (Rev. Laws, 2173.)

By the latter provision it is manifest that one spouse may acquire an interest, legal or equitable, in the separate property of the other, and when such property is brought under review in a divorce proceeding the court is vested with jurisdiction by the former act (section 5841) to make such disposition thereof as may appear just and equitable; otherwise the injured party is without a remedy.

While the later law severs the unity of husbands and wives in their property relations, it is not designed to

undo all the obligations which depend upon the marriage status, nor is there anything in the act which negatives the power of a court of equity, when the marriage relation is dissolved, to inquire into the existence of the property of either spouse when brought under review; the conditions surrounding it; the transactions, contracts and obligations of the parties concerning it, with a view of making such decree as will attain right and justice between the parties under all the circumstances which may attend the particular case.

We conclude that the two statutes may justly and reasonably, in a proper case, operate without antagonism, and that the retention of section 5841, Revised Laws, which has continued its existence since 1861, is a statutory recognition of the power of a court of equity, when the coverture is to be broken and the marriage relation dissolved, to make such disposition of the property of the parties as their interest therein may appear, having regard to the limitations imposed by both statutes. It is insisted by respondent that no facts, defenses, or counterclaim is averred in the answer of appellant upon which to base the relief demanded in its prayer.

5. The appellant by his pleading admits his own misconduct, and condones that of the respondent by joining with her in her prayer for a divorce. The answer also impugns respondent with constructive fraud, but does not charge it in positive terms, and, confessedly with unclean hands, asks to have restored to him property conveyed to the respondent, voluntarily or involuntarily as the case may be, as a reasonable provision for her support. The respondent, on the other hand, because of domestic differences, now seeks by an action for divorce to appropriate to herself the difference between what may be rightfully hers by virtue of an alleged settlement upon her shortly after the coverture in 1906, and its present enhanced value, upon the ground that in law it is rightfully hers, or that it is justly due her by reason of the appellant's misconduct in making the

marital relation impossible.  The alleged settlement upon the respondent was originally for $50,000.  Its present approximate value is $2,000,000.  The unusual situation here presented leads us to the statute for its solution.

"The statute provides that in case a divorce is granted the court shall make disposition of the property as therein stated.  The division of property is but an incident to, or consequence of, a divorce upon which it depends; but the divorce does not depend upon the property." (*Lake* v. *Bender*, 18 Nev. 372; 4 Pac. 715.)

The statute contemplates that the division of property, upon the dissolution of marriage, shall be graduated among other matters by the quality of the offense of the delinquent. (*Wuest* v. *Wuest, supra.*)  In making division of community property, when the decree of divorce is rendered on the ground of extreme cruelty, the party found guilty thereof is only entitled to such portion of the community property as the court granting the decree may, in its discretion, deem just and allow. (Rev. Laws, 2166.)

No reason is suggested why a different rule should apply in a case where the adjustment of separate property is involved upon the dissolution of the marriage if the court be satisfied from the facts that the complaining party has established such an interest therein as authorizes the exercise of the discretion conferred by the statute.

We conclude that the court erred in striking appellant's answer, and sustaining respondent's demurrer thereto.  But as the divorce does not depend upon the property, and the division of property is but an incident to, or consequence of, the divorce, the judgment granting to respondent a divorce from appellant is affirmed, and the cause is remanded for such further proceedings as to the property involved as the parties may be advised.

MCCARRAN, C. J.: I concur.

COLEMAN, J.: I concur in the order.

## ON PETITION FOR REHEARING

By the Court, SANDERS, J.:

The application of respondent for a rehearing in the above-entitled cause is denied. On motion of the appellant it is ordered that the concluding paragraph of the opinion of the court, indicating the order of reversal to be made herein, be amended so as to read as follows:

We conclude that the court erred in striking appellant's answer and sustaining respondent's demurrer thereto, and such order, and so much of the judgment as depends thereon, is hereby reversed.