[Civ. No. 17223.   Second Dist., Div. Two.   Feb. 24, 1950.]

ADELE MARIE NELSON, Appellant, v. NORRIS J. NELSON, Respondent.

N. E. Youngblood for Appellant.

Guthrie, Darling & Shattuck and Milo V. Olson for Respondent.

WILSON, J.—Plaintiff has appealed from an interlocutory judgment of divorce in her favor, and has purportedly appealed from order denying her motion for a new trial. As nearly as can be ascertained from her brief* she raises three objections to the findings and judgment: (1) that the court failed to find that defendant had committed adultery, (2) that she did not receive a proper division of the community property, (3) that the judgment did not expressly provide for her permanent support.

1. While there is evidence that on numerous occasions extending over a considerable period of time defendant had been in the company of the woman named in the case, the evidence is insufficient to sustain a finding of adultery.

2. Plaintiff's principal objection to the division of community property is with reference to the valuation placed by the court on a contract, in which defendant owned a half interest, for commissions on newsprint imported from Norway. It is a general rule that when a divorce is granted on the ground of extreme cruelty the innocent party is entitled to an award of more than one half of the community property. (*Arnold* v. *Arnold*, 76 Cal.App.2d 877, 883 [174 P.2d 674].) There was evidence that the contract was subject to cancellation. In his written opinion the trial judge gave consideration to the provisions of the contract, the uncertainty as to its duration and the possibility of its cancellation, and to the value of all other items of community property, both real and personal. Substantially more than half of the community property, as valued by the court, was awarded to plaintiff, therefore we find no reason to disturb the judgment. In the record now before us in companion appeals the uncertainty of the value of the newsprint contract has been verified. In affidavits filed in connection with motions made in the case after judgment, which are the subject of appeals this day decided in another opinion, it is shown that the contract was cancelled after the judgment was entered.

3. In awarding support money the court must take into consideration not only the present financial and other circumstances of the parties but must look to future possibilities. The court awarded plaintiff the sum of $600 a month to be paid

---

*Plaintiff's brief does not conform to rule 15(a) of Rules on Appeal (22 Cal.2d 12), in that the headings are inadequate to set forth in proper form the points raised and are not sufficiently descriptive of the subject matter covered. Furthermore, in much of the narrative portion of the brief appropriate references to the record are not supplied.

until the minor son of the parties should reach the age of 21 years or should die before reaching that age, and thereafter the sum of $500 a month until three years after December 1, 1948. The judgment directed that the support to be paid after December 1, 1951, should be determined by the court after due notice and hearing in order that the conditions then prevailing might be ascertained, the court reserving jurisdiction for that purpose. Since the needs of plaintiff may become greater or less and the ability of defendant to pay may not remain constant (in fact his income has been substantially reduced by the cancellation of the newsprint contract), the court properly exercised its discretion in reserving jurisdiction to make a fair and equitable order in the future.

Judgment affirmed. Appeal from order denying new trial dismissed.

Moore, P. J., and McComb, J., concurred.