FLORENCE G. HERZOG, Appellant, *v.* PAUL
HERZOG, Respondent.

No. 3679

October 23, 1952. 249 P.2d 533.

*G. William Coulthard,* Guardian ad litem, of Las
Vegas, for Appellant.

*Emilie N. Wanderer,* of Las Vegas, for Respondent.

## OPINION

By the Court, BADT, C. J.:

Paul Herzog obtained a divorce from Florence G. Herzog on the ground of the latter's insanity. The court rejected appellant's cross complaint for desertion. Appellant, through her guardian ad litem, assigns 20 separate errors in support of her appeal. Many of these are repetitious and many obviously without merit.

1. The record contains so much competent testimony of some seven doctors and psychiatrists as to the insanity of the defendant over a period of years that we should not be justified in spending any time in discussing appellant's contention that the evidence is insufficient to justify the decision and findings that appellant has been continuously insane for more than two years immediately preceding the commencement of the action, and that the statutory requirement for corroboration

was not met. This is so even if we exclude the testimony attacked by the appellant as incompetent. For like reasons we do not discuss the sufficiency of the evidence to justify the court's rejection of the defendant's cross complaint on the grounds of desertion.

Many assignments of error are directed to specific findings of fact and conclusions of law made by the court on the ground that such findings and conclusions were without the issues made by the pleadings and were not supported by the evidence. In almost every case of such assignment appellant confines herself to such bare assertion. A careful examination of the record shows no prejudicial error in any of the respects assigned.

2. Appellant's most serious attack is made upon the court's disposition, or its failure to make disposition, of the community property of the parties. It was admitted by the pleadings, as specifically stated by the court, that the parties owned community property consisting of an automobile, $20,000 in cash and United States defense bonds, and certain insurance policies for $48,000 insurance in which the three minor children of the parties were named as beneficiaries. There was also a house and lot at Kenosha, Wisconsin, which produced a $60 net monthly rental and which stood in the names of both parties. The children were of the respective ages of 13, 10 and 7 years at the time of the trial. The defendant wife was at the time, and had been for several years prior thereto and apparently still is, confined in the Elgin State Hospital in the state of Illinois. The plaintiff, who is himself a doctor of medicine, testified that the state of Illinois maintained and supported his wife at the Elgin State Hospital without charge, but that he kept a sum of money on deposit there, available for the purchase of personal items for his wife. At the conclusion of the case the trial court announced its decision from the bench to the effect that the prayer of plaintiff's complaint for a divorce on the ground of his wife's insanity should be granted and that he should have the

custody of the minor children. The court then denied a request of the guardian ad litem for "a finding with reference to the community property," and denied his request for a requirement that the plaintiff give bond to meet the needs of the insane defendant.

Section 9463, N.C.L.1943–1949 Supp., provides in part as follows:

"In granting a divorce, the court may award such alimony to the wife and shall make such disposition of the community property of the parties as shall appear just and equitable, having regard to the respective merits of the parties and to the condition in which they will be left by such divorce, and to the party through whom the property was acquired, and to the burdens, if any, imposed upon it, for the benefit of the children. The court may also set apart such portion of the husband's property for the wife's support and the support of their children as shall be deemed just and equitable."

It is insisted by appellant that the failure of the court to assign to her any part of the $20,000 in cash and securities in the possession of respondent was in violation of the requirement of the statute, because, by reason of such divorce, upon the plaintiff's death the defendant will not succeed to any part of his estate and will be entirely without provision for support, and because of the possibility that the state of Illinois may modify its policy of providing for the insane defendant without charge or the defendant may for some reason be removed to some other institution which would or might require payment for her support. Against these contentions it is asserted by the respondent husband that the matters complained of were entirely within the discretion of the court and that its discretion as exercised was amply justified by the conclusive showing of the defendant's insanity, the negative prognosis as to recovery, the absence of any indication that the Elgin State Hospital at Illinois would not continue to provide for the defendant indefinitely, the attitude of respondent

in providing for the personal needs of appellant at the institution and the necessity for the expenditure of the community funds for the benefit of the children.

In the early case of Lake v. Bender, 18 Nev. 361, 394, 4 P. 711, 730, 7 P. 74, under the statutes then existing but not materially changed as to the purpose under consideration, it was held that the matter of division of property "is left to the legal discretion of the trial court, and this court ought not to interfere unless the discretion given has been abused." Later cases have approved this view. Walker v. Walker, 41 Nev. 4, 164 P. 653, 169 P. 459; Buaas v. Buaas, 62 Nev. 232, 147 P.2d 495.

It would appear that in the present case the trial court exercised its discretion by, in effect, awarding all of the community personal property to the husband, for the reasons first that the insane defendant, supported by the state of Illinois, did not require the same, and secondly that the husband required the same for the benefit of the children. The court accomplished this by the simple finding that this property was in the possession and control of the husband rather than by awarding it to him as community property, for the benefit of the children. If this court would not reverse the awarding of the community property to the husband for the benefit of the children as an abuse of discretion under the circumstances of the case, there is no greater occasion for reversal simply because the court handled the matter as it did. It should be further noted in support of the exercise of the court's discretion, first that the Wisconsin property owned by both parties was left undisturbed, with the rentals apparently still available to the wife, and secondly that under our statute, hereinafter discussed, the decree does not relieve the husband of his liability for the support of his wife. We think it clear that the court took into consideration all of the factors mentioned in the statute.

3. Appellant assigns error in the court's failure to

make any order for the husband's support of the wife. Section 9460, N.C.L.1929, after authorizing a divorce on the ground of the defendant's insanity existing for two years prior to the commencement of the action and requiring corroborative evidence of such insanity, reads in part: "* * * a decree granted on this ground shall not relieve the successful party from contributing to the support and maintenance of the defendant, and the plaintiff in such action shall give bond therefor in an amount to be fixed by the court; * * *"

The court adopted the plaintiff's proposed finding to the effect that the defendant wife was provided by Elgin State Hospital "with full maintenance and support, including medical and psychiatric care and hospitalization, without any charge or expense whatsoever to herself or to others, saving only incidental expenses for minor items of clothing, candy, sundries and the like, which expenses have been provided by the plaintiff," and that it is not true that defendant requires $200 per month for her support and maintenance. Appellant had objected to this finding and submitted a proposed finding to the effect that she was without means and that $200 per month was required for her support. What has been said above with reference to disposition of the community property applies with like force to this assignment of error. The learned district judge stated from the bench: "From the testimony of the doctor [plaintiff and respondent herein] there is no fixed sum of money due that hospital. She does require some money for delicacies and minor things. He says he keeps money there for that purpose. No specific amount has been offered in evidence. I think he will still comply with the requirements of the institution in Illinois, whatever [they] may be, and of course keep a sum of money on deposit for her. I don't know what kind of wants they are, I suppose a dress or a nightgown, whatever it might be from time to time." This correctly

reflects the testimony as we read it. Such testimony, in our opinion, justifies such exercise of the court's discretion.

4. It is contended that, under the provisions of the statute last quoted, requirement for bond on the part of the plaintiff is mandatory and that the court's refusal to exact a bond was error. The bond required by the statute is to secure the plaintiff's "contributing to the support and maintenance of the defendant." If the court has for sufficient reason refused to include in its decree a provision requiring the plaintiff to contribute to the support and maintenance of the insane defendant, there remains nothing to be secured by the bond. The same reasoning applies to the requirement that a sum of money be kept on deposit at the hospital to take care of "delicacies and minor things * * * a dress or a nightgown * * *." As there was no evidence to indicate the amount of such deposit and as the court was therefore unable to require a deposit to be maintained in any specific sum, any bond required would necessarily have been nominal. We find the assignment to be without merit.

5. The court adopted plaintiff's proposed conclusion of law that the court retain jurisdiction of the parties and the cause of action "for the sole purpose of making such other and further orders relative to the care, custody, support and maintenance of the minor children of the parties hereto as may from time to time appear to be necessary and proper." Appellant asserts error in the failure of the court to retain jurisdiction of the parties for the purpose of making further orders relative to the support of the appellant. This assignment is predicated on the wording of sec. 9460, N.C.L.1929, supra, to the effect that the decree shall not relieve the plaintiff from contributing to the defendant's support and maintenance. It is also asserted that the court's action was an abuse of its discretion. We do not consider the point

well taken. Other than in the defendant's proposed findings and conclusions the record does not disclose any contention in the trial court that it should retain jurisdiction for the purpose indicated. The proceedings on motion for new trial do not assert this failure as an error in law. The question of the court's retention of jurisdiction has on several occasions had the attention of the legislature. Section 9462, N.C.L.1929, gave the court the right, upon good cause shown, to change the *custody* of the minor children. As later amended, the court was authorized by sec. 9462, N.C.L.1943–1949 Supp., during the pendency of the action or at the final hearing or any time thereafter during the minority of the children, to make further orders for their *custody, care, education, maintenance and support,* and at any time thereafter to modify or vacate such orders. To date, however, the legislature has refrained from providing a statutory retention of jurisdiction to modify orders for the support and maintenance of the wife and has left the retention of such jurisdiction to the discretion of the court granting the decree. The specific provision of sec. 9460 to the effect that a divorce decree on the ground of insanity shall not relieve the successful party from contributing to the support and maintenance of the defendant obviously does not result in the retaining of jurisdiction to modify the decree. See Sweeney v. Sweeney, 42 Nev. 431, 179 P. 638. The quoted clause left unimpaired the legal duty of the plaintiff to support the defendant, and such duty can be enforced in her behalf by whatever procedure and in whatever forum might be available. State v. Brown, 213 Ind. 118, 11 N.E.2d 679, 113 A.L.R. 1243. In the court's failure to reserve jurisdiction for the purpose of possible future orders for the support of the wife, we find no abuse of discretion.

The judgment and the order denying new trial are affirmed. No costs are allowed.

EATHER and MERRILL, JJ., concur.