[Civ. No. 20764. Second Dist., Div. Three. May 2, 1955.]

MYRTLE NELL KLINKER et al., Appellants, v. LAW-
RENCE K. KLINKER, Respondent.

Betsy Fitzgerald Rahn, Wolfe & Ordin and Benjamin Wolfe for Appellants.

Zagon, Aaron & Sandler and Marvin Manuel for Respondent.

VALLÉE, J.—Appeal by plaintiffs from an order granting defendant Lawrence K. Klinker's motion to squash and dismiss an order directing him to show cause why he should not

provide for the support and maintenance of plaintiff Myrtle Nell Klinker, who will be referred to as plaintiff.

Plaintiff and defendant were married in 1923. In 1941 plaintiff was declared to be mentally incompetent and committed to a state hospital. In 1945 defendant obtained a divorce from plaintiff in Nevada on the ground that for more than two years she had been an insane person.

On January 25, 1949, plaintiff by and through her guardian commenced the present action against defendant, alleging: the foregoing facts; that the Nevada court was without jurisdiction and the judgment of divorce a nullity; that plaintiff and defendant were the owners of specified property; and that defendant had wilfully failed to support plaintiff. The complaint alleged that an actual controversy existed between plaintiff and defendant as to (1) the status of defendant and plaintiff as husband and wife, (2) the obligation of defendant to support plaintiff, and (3) the status of the rights of the parties in certain properties. The complaint further alleged defendant had an income of $2,500 a month, he was well able to support plaintiff, and $200 a week was reasonably required therefor. The prayer was that it be adjudged (1) defendant and plaintiff are husband and wife; (2) defendant has a present and continuing obligation to provide for plaintiff's support and maintenance; (3) plaintiff have general relief.

Defendant answered, denying in large part the allegations of the complaint. The answer alleged: "that it appears upon the allegations of plaintiffs' complaint that said defendant was relieved from such obligation by the judgment of the District Court of the Eighth Judicial District of the State of Nevada, as set fourth [sic] in Paragraph VII of plaintiffs' complaint." The cause was tried. At the trial it was stipulated: 1. The Nevada decree is a final and valid decree of divorce. 2. The Nevada decree did not in any way affect the right of plaintiff to support by defendant. 3. Defendant is obligated to support plaintiff if he has the ability so to do and she is in need of support or maintenance and care. 4. At this time she is not in need of such care but has funds of her own sufficient to care for her. 5. The court shall keep continuing jurisdiction to award her support if and when it shall be claimed she is in need thereof and defendant has the ability to pay.

On August 23, 1949, a judgment was rendered. The judgment recites that "the parties having orally stipulated in open Court to material facts, determinative of the issues,

and all parties having waived findings of fact," the matter was submitted. The judgment decreed: (1) The Nevada decree of divorce is valid. (2) "[T]he divorce having been granted upon the ground of defendant's insanity, plaintiff there, Lawrence K. Klinker was not thereby relieved of the obligation imposed by law, to support his wife, Myrtle Nell Klinker; that there is a continuing obligation upon the said Lawrence K. Klinker to provide for Myrtle Nell Klinker's support, maintenance and medical care within his ability to provide the same to the extent that her necessities may require, and to the extent that Myrtle Nell Klinker's separate estate does not produce revenue sufficient to meet her needs." (3) "[A]s of July 27th, 1949, Myrtle Nell Klinker does not require support or medical care at the hands of Lawrence K. Klinker; but the Court reserves jurisdiction to make in future such orders from time to time as may be proper upon due notice and proper showing of need therefor requiring said defendant Lawrence K. Klinker, to furnish said support." No appeal was taken and the judgment became final.

On August 3, 1953, an affidavit was filed in this action which averred that plaintiff's income was insufficient to meet her demands and asked that defendant be ordered to pay to her a reasonable sum for her support and maintenance and for attorney's fees. An order issued directing defendant to show cause "why that certain Order, made by said Court on the 23rd day of August, 1949, and more particularly described in the affidavit of the Oakland Bank of Commerce for this Order to Show Cause in Re Modification thereof, and a copy of which affidavit shall be served upon you attached to a copy of this Order, should not be modified and further, different or additional Orders made, as requested in said affidavit." When the order to show cause came on for hearing defendant moved to dismiss it on the grounds: 1. No state will directly enforce a duty of support created by the law of another state. 2. The action is for separate maintenance and such action cannot be maintained unless the parties are husband and wife. 3. The court had no power to reserve jurisdiction to make future orders for plaintiff's support. 4. The affidavit for the order to show cause was insufficient. The motion was granted "upon the grounds of lack of jurisdiction of this court to proceed . . . upon said grounds." Plaintiffs appeal.

As grounds for reversal plaintiffs urge: 1. The Nevada

decree did not abrogate the duty to support the insane spouse. 2. The judgment in the present action is res judicata as to the duty of defendant to support plaintiff. 3. Defendant cannot be heard to say that he will accept the benefit of the judgment in this case holding his divorce in Nevada valid and then say that that part of the judgment which decrees that he must continue to support plaintiff is invalid. 4. The court had jurisdiction to hear and determine the order to show cause. Defendant counters: 1. The support provisions of the 1949 judgment herein are void for lack of jurisdiction; (a) an existing marriage is a jurisdictional prerequisite to a judgment compelling one spouse to support the other; and (b) plaintiffs' argument for res judicata is based upon erroneous premises. 2. The court exceeded its power in purporting to reserve jurisdiction to make future orders for plaintiff's support.

The action, in addition to being for support and for an adjudication of property rights, was one for declaratory relief. The complaint alleged that an actual controversy existed between plaintiff and defendant; defendant contended the Nevada decree was valid and plaintiff contended the contrary; defendant contended he was under no obligation to support plaintiff and plaintiff contended he was so obligated. "Any · person . . . who desires a declaration of his rights or duties with respect to another . . . may, in cases of actual controversy relating to the legal rights and duties of the respective parties, bring an action in the superior court for a declaration of his rights and duties in the premises, . . . He may ask for a declaration of rights or duties, either alone or with other relief; and the court may make a binding declaration of such rights or duties, whether or not further relief is or could be claimed at the time. The declaration may be either affirmative or negative in form and effect, and such declaration shall have the force of a final judgment." (Code Civ. Proc., § 1060.) ▄ The complaint stated a cause of action for declaratory relief. (*Maguire* v. *Hibernia Sav. & Loan Soc.*, 23 Cal.2d 719, 728 [146 P.2d 673, 151 A.L.R. 1062]; *Lord* v. *Garland,* 27 Cal.2d 840, 851-852 [168 P.2d 5]; *Kessloff* v. *Pearson*, 37 Cal. 2d 609, 613 [233 P.2d 899]; *Chas. L. Harney, Inc.* v. *Contractors' State License Board,* 39 Cal.2d 561, 564 [247 P.2d 913].) ▄ If a complaint for declaratory relief pleads facts sufficient to entitle the plaintiff to some equitable relief the court will assume jurisdiction of the entire controversy. (*Jones* v. *Feichtmeir,* 95 Cal.App.2d 341, 344 [212 P.2d 933].)

Future rights may be determined when a declaration of the present and actual controversy is dependent on an adjudication of such future rights. (*Staley* v. *Board of Medical Examiners*, 109 Cal.App.2d 1, 6 [240 P.2d 61].) We think it patent that the court had jurisdiction of the action.

The doctrine of res judicata is that an existing final judgment on the merits of a cause rendered by a court of competent jurisdiction is, in all subsequent actions, conclusive of the rights of the parties thereto and of their privies on all material issues which were or might have been determined. (*French* v. *Rishell*, 40 Cal.2d 477, 479 [254 P.2d 26] ; *Dillard* v. *McKnight*, 34 Cal.2d 209, 213 [209 P.2d 387, 11 A.L.R.2d 835] ; *Bliss* v. *Security-First Nat. Bank*, 81 Cal.App.2d 50, 58 [183 P.2d 312].) The application of the principle in a given case depends upon affirmative answers to these questions : Was the issue decided in the prior adjudication identical with the one presented in the action in question ? Was there a final judgment on the merits ? Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication ? (*Bernhard* v. *Bank of America*, 19 Cal.2d 807, 813 [122 P.2d 892] ; *Dillard* v. *McKnight, supra*, 214 ; *Citizens Nat. T. & S. Bank* v. *Hawkins*, 87 Cal.App.2d 535, 541 [197 P.2d 385] ; *Estate of Eaton*, 38 Cal.App.2d 180, 182-184 [100 P.2d 813].) The doctrine of res judicata applies to those parts of a judgment which have become final. (*Moore* v. *Wood*, 26 Cal.2d 621, 629 [160 P.2d 772].) " 'A decree may be partly final and partly interlocutory ; final as to its determination of all issues of fact and law, and interlocutory as to its mode of execution.' (10 R.C.L., p. 555.) '' (*Perry* v. *West Coast Bond etc. Co.*, 136 Cal.App. 557, 559 [29 P.2d 279].)

In the present proceeding the issues which defendant seeks to have adjudicated are identical with the ones presented on the trial of the action; there was a final judgment on the merits—the only questions left open for future determination should they arise were the necessities of plaintiff for support, maintenance, and medical care and defendant's ability to provide the same; and the party against whom the plea is asserted was a party to the prior adjudication. The judgment is res judicata on the issues tried and adjudicated, i.e., that the Nevada decree is valid; that defendant was not relieved by the Nevada decree of the obligation to support and maintain plaintiff; and that there is a continuing obligation on his part

to provide for her support and maintenance within his ability to do so to the extent that her necessities may require.

■ An action for declaratory relief is a suit in equity. (*Zimmer* v. *Gorelnik,* 42 Cal.App.2d 440, 447 [109 P.2d 34].)

■ The jurisdiction of a court of equity to enforce its decrees is coextensive with its jurisdiction to determine the rights of the parties, and it has power to enforce its decrees as a necessary incident to its jurisdiction. ■ Except where the decree is self-executing, jurisdiction of the cause continues for this purpose, or leave may be expressly reserved to reinstate the cause for the purpose of enforcing the decree, or to make such further orders as may be necessary. (*Dedrick* v. *California Whaling Co.,* 16 Cal.App.2d 284, 288 [60 P.2d 551]; 18 Cal.Jur.2d 243, § 59; 30 C.J.S. 1014, § 616.)

■ A court of equity can mold its decrees to suit the exigencies of the case. (*Connell* v. *Crawford,* 92 Cal.App. 715, 719 [268 P. 948].) ■ Where equity has acquired jurisdiction for one purpose, it will retain that jurisdiction to the final adjustment of all differences between the parties arising from the causes of action alleged. (*Pailhe* v. *Pailhe,* 113 Cal. App.2d 53, 64-65 [247 P.2d 838]; *First Nat. T. & S. Bank* v. *Cerveny,* 93 Cal.App.2d 255, 258-9 [208 P.2d 1018]; *Murphy* v. *Sheftel,* 121 Cal.App. 533, 541 [9 P.2d 568]; *Vallera* v. *Vallera,* 64 Cal.App.2d 266, 270-271 [148 P.2d 694]; *Mc-Auliff* v. *McFadden,* 42 Cal.App. 505, 512 [183 P. 870].)

■ Where a court has taken jurisdiction of a suit in equity it may determine all legal as well as equitable issues in order to completely dispose of the matters in controversy. (*California Raisin Growers' Assn.* v. *Abbott,* 160 Cal. 601, 607 [117 P. 767]; *Walsh* v. *Macaire,* 102 Cal.App.2d 435, 438 [227 P.2d 517].) In *Nelson* v. *Nelson,* 96 Cal.App.2d 208 [215 P.2d 47], the court observed (p. 210):

"Since the needs of plaintiff may become greater or less and the ability of defendant to pay may not remain constant . . . the court properly exercised its discretion in reserving jurisdiction to make a fair and equitable order in the future." (See also *McCaleb* v. *McCaleb,* 177 Cal. 147, 149 [169 P. 1023]; *Ex parte O'Brien,* 5 Cal.Unrep. 625 [48 P. 71].)

■ It was within the power of the court to reserve jurisdiction to enforce defendant's obligation to support plaintiff.

■ A motion supported by affidavit setting forth the facts on which the movant relies is ordinarily sufficient to invoke the action of the court. (30 C.J.S. 1014, § 616.)

Furthermore, the provisions of the judgment involved here

were agreed to by stipulation. ■■■ A judgment rendered on a stipulation is conclusive of everything adjudicated by it, and it may not be collaterally attacked by a party thereto. (14 Cal.Jur. 878, § 13.)

■■■ The contention that an existing marriage is a jurisdictional prerequisite to a judgment compelling one spouse to support the other cannot be sustained where the divorce is granted on the ground of insanity. The Nevada law makes insanity existing two years a ground for divorce, and provides that "a decree granted on this ground shall not relieve the successful party from contributing to the support and maintenance of the defendant." (2 Nev.Comp.Laws (Supp. 1931-1941), § 9460.) In *Herzog* v. *Herzog*, 69 Nev. 286 [249 P.2d 533], a husband was granted a divorce on the ground of insanity of his wife. The decree did not make any order for the husband's support of the wife. On review it was contended that the trial court's failure in that respect was error. The Supreme Court of Nevada, referring to section 9460 of Nevada Compiled Laws, said (249 P.2d 536):

"The quoted clause left unimpaired the legal duty of the plaintiff to support the defendant, and such duty can be enforced in her behalf by whatever procedure and in whatever forum might be available. *State* v. *Brown*, 213 Ind. 118 [11 N.E.2d 679, 113 A.L.R. 1243]."[1]

California law makes incurable insanity a ground for divorce (Civ. Code, § 92) and provides that:

---

[1] All the statutes making insanity a ground for divorce appear to be hedged with appropriate restrictions for the support, maintenance, and protection of the incompetent spouse. Arkansas—Stats. 1947, Ann., title 34, ch. 12, § 34-1202, subd. 8. Colorado—Rev.Stats. 1953, ch. 46, § 46-1-1, subd. 9. Connecticut—Gen.Stats. 1949, title 60, ch. 367, §§ 7327, 7332. Delaware—1953 Del. Code Ann., title 13, ch. 15, § 1522, subd. 10. Georgia—Code of Georgia Annotated 1932, title 30, § 30-102, subd. 11, as amended by Act of 1951, p. 744. Idaho—Code 1947, title 32, §§ 32-801—32-805. Indiana—Burns Ind.Stats.Ann. 1933, title 3, ch. 12, § 3-1201, subd. 8. Kansas—Gen.Stats. 1949, ch. 60, art. 15, § 60-1501, subd. 11. Kentucky—Ken.Rev.Stats. 1953, ch. 403, § 403.020, subd. 5(d). Maryland—Ann. Code of Maryland 1951, art. 16, § 35. Minnesota—Stat.Ann., ch. 518, § 518.06, subd. 7. Mississippi—Code Ann. 1942, title 12, ch. 2, § 2735, subd. 12. Montana—Rev.Code 1947, title 21, ch. 1, § 21-103, subd. 1 and 21-104. New Mexico—New Mex. Stats. 1953, ch. 22, art. 7, §§ 22-7-7, 22-7-11. New York—Domestic Relations Law, § 7, subd. 5; Cons. Laws, ch. 14, art. 2. North Carolina—Gen.Stats. (Recompiled 1950), ch. 50, § 50-5, subd. 6. Oklahoma—Stats. 1951, title 12, ch. 22, § 1271, subd. 12, as amended by Laws 1953, p. 59, § 1. Oregon—Rev. Stats. 1953, title 11, ch. 107, §§ 107.030(7), 107.100(1)(c). Utah—1953 Code Ann., title 30, ch. 3, § 30-3-1, subd. 9. Vermont—Stats. 1947, title 14, ch. 157, §§ 3205-3212. Wyoming—Comp.Stats. 1945, ch. 3, art. 59, § 3-5935. See also Hawaii—Rev.Laws, title 32, ch. 296, §§ 12210(4), 12223.

"No decree granted on this ground shall relieve the spouse granted the divorce of any obligation imposed by law as a result of the marriage for the support of the spouse against whom the divorce is granted." (Civ. Code, § 108.) The power of the Legislature to continue the duty of support is well established. (*Morganti* v. *Morganti,* 99 Cal.App.2d 512, 515 [222 P.2d 78].)

Speaking of the California statute in *Dribin* v. *Superior Court,* 37 Cal.2d 345 [231 P.2d 809, 24 A.L.R.2d 864], the court quoted with approval from *Morganti* v. *Morganti, supra,* as follows (p. 348) :

"It would seem apparent that the purposes of section 108 are (1) to provide the manner of proof where the ground for divorce is the incurable insanity of the defendant spouse, and (2) to provide a means of securing continuing financial support for the insane spouse. . . .

" 'Furthermore proof of financial *l*iability as set forth in the second sentence of the second paragraph of said section becomes wholly superfluous to the attainment of the second object thereof, since by reason of the specific terms of the preceding sentence no decree granted on the ground of incurable insanity can relieve a spouse of "any obligation imposed by law as a result of the marriage for the support" of the insane spouse. (See Civ. Code, § 155, and Welf. & Inst. Code, §§ 5077, 5105.6.)' ' "

The court also observed (p. 350) :

"Here the state has guarded against financial dependency of the insane spouse by providing that the divorce of an insane spouse does not relieve the other spouse of 'any obligation imposed by law as a result of the marriage for the support' of the insane spouse." (See also *Wirz* v. *Wirz,* 96 Cal. App.2d 171 [214 P.2d 839, 15 A.L.R.2d 1129].)

The Indiana law contains the same provision. In *State* v. *Brown,* 213 Ind. 118 [11 N.E.2d 679, 113 A.L.R. 1243], the court said (113 A.L.R. 1247) :

"Clause 8 contains the provision that a decree of divorce granted on the ground of insanity shall not 'relieve the successful party from contributing to the support and maintenance of the defendant.' And appellant contends that the foregoing is incomplete and unenforceable since there is no method provided to carry into effect the provision for support and maintenance. But there is no apparent need for an enforcing provision. The effect of the 'support and maintenance' provision is to leave unimpaired the legal duty of the

one securing a divorce under clause 8 to support and maintain the divorced spouse; and such duty can be enforced on behalf of the insane person by whatever procedure would be available prior to the grant of the divorce.''

(See also *Sandhagen* v. *Vogel*, 147 Kan. 570 [77 P.2d 949], which was an action against a former husband to recover a reasonable sum for the care and maintenance of a former wife from whom the husband had obtained a divorce on the ground of incurable insanity; *Dodrer* v. *Dodrer*, 183 Md. 413 [37 A.2d 919, 923] ; *Bancroft* v. *Bancroft*, 288 N.Y. 323 [43 N.E. 2d 63, 65, 141 A.L.R. 943] ; *State of Tennessee* v. *Barton*, 210 Ark. 816 [198 S.W.2d 512, 516], in which it is said that one cannot accept benefits of a divorce decree granted on the ground of insanity and yet not be bound by its burdens.)

█ It is not the law that California will not enforce a duty to support an insane spouse created by the law of another state, as defendant asserts. We rebel at the suggestion. So long as the enforcement of a right obtained under the law of another state would not be prejudicial to recognized standards of morality and to the general interests of the citizens of this state, California will enforce the right on the basis of comity. (*Biewend* v. *Biewend*, 17 Cal.2d 108, 113 [109 P.2d 701, 132 A.L.R. 1264] ; *Smith* v. *Smith*, 115 Cal. App.2d 92, 101-102 [251 P.2d 720] ; *Gough* v. *Gough*, 101 Cal.App.2d 262, 267-268 [225 P.2d 668] ; *Tomkins* v. *Tomkins*, 89 Cal.App.2d 243, 250 [200 P.2d 821]. *Cf. Oravec* v. *Superior Court*, 115 Cal.App.2d 581 [252 P.2d 364].)

█ The enforcement by the courts of California of the right of a wife divorced on the ground of insanity to support from her former husband granted by the law of a sister state is in harmony with the public policy of California as expressed in section 108 of the Civil Code. (See *State of Tennessee* v. *Barton*, 210 Ark. 816 [198 S.W.2d 512], in which Tennessee enforced the support provisions of a Utah divorce decree grounded on insanity.)

One of the basic duties and fundamental obligations of mankind recognized by the law is a man's obligation to support his wife. The failure to meet that obligation is universally made a crime. █ The fact that the wife is insane does not relieve the husband of that obligation. While the legislatures of many of the states have widened the possibility of divorce by the enactment of statutes authorizing the granting of a divorce on the ground of incurable insanity, thus seeking to prevent a permanent union of a sane spouse

with an insane one who does not offer hope of recovery, no one of such statutes relieves the husband of his obligation to support his former wife. That obligation remains the same after the divorce as it was before and may be enforced in any appropriate proceeding. (44 C.J.S. 174, § 73; see *Foy* v. *Foy*, 23 Cal.App.2d 543 [73 P.2d 618].) The plainest principles of justice require the courts of California to entertain a proceeding to enforce the duty imposed by the law of a sister state on a husband who has obtained a divorce on the ground of insanity to support his insane former wife. It is not necessary to dilate on the point.

We hold that the superior court had jurisdiction to hear and determine the order to show cause.

█ The sufficiency of the affidavit on which the order to show cause was issued is questioned. This was not a ground on which the order was dismissed. It was dismissed solely on the ground of want of jurisdiction. The affidavit must be read in connection with the allegations of the complaint. Together, they are sufficient to show the needs of the plaintiff and the ability of defendant to pay. (*Cf. Loeb* v. *Loeb*, 84 Cal.App.2d 141, 143-144 [190 P.2d 246].) In any event plaintiffs should be permitted to file additional affidavits, should they be so advised.

The order appealed from is reversed with directions to the superior court to hear and determine the order to show cause.

Shinn, P. J., and Wood (Parker), J., concurred.