[Civ. No. 33090.   Second Dist., Div. Four.   July 25, 1969.]

K. & W. PHARMACY, INC., et al., Plaintiffs and Appellants,
v. STATE DEPARTMENT OF SOCIAL WELFARE
et al., Defendants and Respondents.

Eugene M. Elson for Plaintiffs and Appellants.

Thomas C. Lynch, Attorney General, and Edward M. Belasco, Deputy Attorney General, for Defendants and Respondents.

KINGSLEY, J.—This is an action for declaratory relief, brought by two pharmacies, seeking a declaration that a certain regulation issued by defendant State Social Welfare Board was invalid. After a hearing in the trial court, judg-

ment was entered adverse to plaintiffs and they have appealed. We reverse the judgment with directions to dismiss the action.

On December 16, 1960, defendant board amended its Regulation MC-046, which deals with the basis for computation of the amounts payable to pharmacies for furnishing drugs to persons covered by the state medical care program, in such a manner as to reduce that basis. Plaintiffs contend that that amendment was invalid because it was not adopted in accordance with the procedure set forth in sections 11423 and 11424 of the Government Code, and, therefore, that an earlier regulation, prescribing a basis of charges more favorable to suppliers, remained in force. The trial court rejected that contention, on the theory that the so-called "regulation" was not the kind of administrative action to which the cited code sections apply but that it was, in fact and in law, merely an offer by the board to purchase drugs on the basis therein set forth —an offer which any pharmacist was free to accept or reject.

We do not reach the merits of that controversy. It is admitted that the "regulation" was adopted as part of a program established by laws that were repealed by the Legislature effective March 1, 1966, and that it is no longer in force. All sales that could have been affected by the challenged regulation have long since been made and no sale hereafter will or could be affected by it. The record shows that the defendants have, heretofore, made "audits" of the records of the plaintiffs and have made claims against them for refund of payments which, if the regulation was valid, were in excess of the amounts lawfully payable to plaintiffs.

The action was brought under the provisions of section 11440 of the Government Code, which reads as follows: "Any interested person may obtain a judicial declaration as to the validity of any regulation by bringing an action for declaratory relief in the superior court in accordance with the provisions of the Code of Civil Procedure and in addition to any other ground which may exist, such regulation may be declared to be invalid for a substantial failure to comply with the provisions of this chapter or, in the case of an emergency regulation or order of repeal, upon the ground that the facts recited in the statement do not constitute an emergency within the provisions of Section 11421 (b)."

By its express terms, such an action is one under sections 1060 and 1061 of the Code of Civil Procedure, since those are the only provisions of the Code of Civil Procedure that deal

with "declaratory relief." We turn, therefore to the cases that have considered the availability of declaratory relief under similar circumstances. One of the settled grounds for denial of declaratory relief is that ". . . there is an accrued cause of action for an actual breach. . . ." (2 Witkin, Cal. Procedure (1954) Pleading, § 451, p. 1434, and cases cited.) That is the case here. No determination in this action will or could affect any sale that might be made hereafter.[1] If plaintiffs are sued by the state to recover the allegedly excessive payments, they can set up the alleged invalidity of the regulation as a defense.

In addition, the complaint shows, on its face, that there are serious differences between the plaintiffs and the board over the accuracy of the "audits" made of plaintiffs' records and other disputes—all of which would require actions at law to resolve. The issue herein sought to be raised would be but an additional issue in such a necessary law suit; there is no need for a duplicity of action.[2]

It is clear that section 11440 of the Government Code was designed to allow a person potentially subject to an administrative regulation to determine, before he committed himself to a course of action that might be in conflict with the regulation, whether or not the regulation need be followed. In the ordinary case, an administrative regulation compels those subject to it to take some affirmative action, or to refrain from some prescribed action; the person to whom the regulation applies may not simply ignore it. But the regulation herein involved imposed no duty of any kind on any pharmacy. No pharmacist was under any legal duty to fill prescriptions issued under the medical care program. The pharmacist could simply refrain from dealing with that class of customer until the price basis had been established. But plaintiffs did not pursue that course. Instead they proceeded to fill prescriptions, and to bill the state according to their own theory of

---

[1]It is this fact that serves to distinguish such cases as *Yorty* v. *Los Angeles City Council* (1966) 239 Cal.App.2d 138 [48 Cal.Rptr. 600], where, although the immediate contention dealt with actions already taken and irrevocable, the same problem could arise repeatedly in the future.

[2]Plaintiffs contend that they have stated a "class" action, involving many additional pharmacists. We do not decide whether, if the issue were still viable, a class suit was stated under the rules of *Daar* v. *Yellow Cab Co.* (1967) 67 Cal.2d 695 [63 Cal.Rptr. 724, 433 P.2d 732]. The problem discussed in the text exists in any event.

the law and in intentional violation of the regulation. Then, four years and three months after the regulation was adopted and as it was about to expire,[3] they sought declaratory relief in an attempt to secure absolution for the violations already committed. These are not the circumstances for which section 11440 was designed. Plaintiffs deliberately exposed themselves to actions at law for the recovery of what, if they were wrong about the validity of Regulation MC-046 as amended, were moneys illegally and falsely obtained. The law leaves them where they put themselves.

The judgment is reversed; the case is remanded to the trial court with directions to dismiss the action pursuant to section 1061 of the Code of Civil Procedure. Each party shall bear its own costs on appeal.

Jefferson, Acting P. J., and Dunn, J., concurred.

On August 1, 1969, the opinion was modified to read as printed above.

---

[3]Examination of the superior court records discloses that the original complaint in this action was filed on February 28, 1965; the case was tried on an amended complaint filed on March 31, 1966—one month after the regulation had expired. Had plaintiffs proceeded promptly after December 16, 1960, they could legitimately have sought protection against future applications (then of uncertain duration) even though they had subjected themselves, voluntarily, to some minor liability; but by the time this case came on for trial no such position was possible.