[Civ. No. 48166. Second Dist., Div. Two. Dec. 10, 1976.]

CALIFORNIA SCHOOL EMPLOYEES ASSOCIATION et al.,
Plaintiffs and Appellants, v.
LOS ANGELES CITY UNIFIED SCHOOL DISTRICT et al.,
Defendants and Respondents.

**COUNSEL**

Robert L. Blake, William D. Dobson, Madalyn J. Frazzini, Mary Ruth Gross, Patrick S. McGovern and Charles L. Morrone for Plaintiffs and Appellants.

John H. Larson, County Counsel, and Richard K. Mason, Deputy County Counsel, for Defendants and Respondents.

## OPINION

**ROTH, P. J.**—Petitioner California School Employees Association (CSEA) and Dieter Nicklesberg, a classified employee of respondent Los Angeles City Unified School District of Los Angeles County (District) sought a writ of mandate compelling District:

1. To rescind and abolish rules 1990, 3008 and 4008, enacted by District, which permit certain employees designated as A and B to be placed on no more than five or two days of unpaid leaves of absence in their respective annual terms of employment; and

2. To set aside an order placing certain employees on unpaid leaves of absence, pursuant to rules 1990 and 3008, from August 17 through August 23, 1975.

The order placing employees on unpaid leaves of absence never went into effect. It is therefore moot and not subject to judicial review.

The trial court denied the petition, entering the following findings of fact:

"1. That the Board of Education of Respondent School District has had in force at all times relevant to this action Board Rule 1990, which provides that the assignment basis of all A basis (12 month) employees is subject to being reduced by five (5) days per year, as an unpaid leave of absence; and that the assignment basis of B basis (11 month) employees is subject to being reduced by two (2) days per year, as an unpaid leave of absence.

"2. That on or about June 12, 1975 the Board of Education, as part of an overall effort to achieve a balanced budget in light of a projected deficit of $41.4 million dollars took formal action to close down the School District during the week of August 17-23; and to reduce the assignment basis of A basis employees by five (5) days, and B basis employees by two (2) days, as unpaid leaves of absence during said week.

"3. That all employees, both certificated and classified, who would otherwise be working during said week, are to be placed upon the

unpaid leave designated for their particular assignment basis. Only essential services, such as security or emergency services would continue throughout the week in question, to be provided by employees assigned in relief or temporary status."

The trial court also concluded that:

"1. That Petitioners have not shown that there is any failure by Respondents to perform a duty specifically enjoined by law.

"2. That the Board of Education of Respondent School District has the power in its discretion to adopt and amend Board Rule 1990, establishing the power to reduce the assignment basis of A basis employees by up to five (5) days per year, as an unpaid leave of absence and B basis employees by up to two (2) days, as an unpaid leave of absence.

"3. That the Board of Education has the power in its discretion to close down the School District for the week of August 17-23, 1975, and to place the employees who would otherwise then be working on an unpaid leave of absence and not to pay them during this period.

"4. That the action contemplated by Respondents is different from a layoff as contemplated in the Education Code, and the provisions in such code as to layoffs, including the seniority provision, need not be followed.

"5. That there is no denial of equal protection, since there is a rational basis for selecting the week in question to close down the School District and to determine that the employees who would otherwise be working during said week should not be paid.

"6. That judgment is rendered in favor of Respondent."

■   District contests petitioner's assertion that it lacks the right or power to place the employees in question on unpaid leaves of absence not to exceed five or two days, as the case may be. There is, accordingly, a present and actual controversy before us as to the validity of District's

rules and we proceed to adjudicate that dispute. (*Chas. L. Harney, Inc.* v. *Contractors' Bd.* (1952) 39 Cal.2d 561, 564 [247 P.2d 913]; *Klinker* v. *Klinker* (1955) 132 Cal.App.2d 687, 693 [283 P.2d 83]; see Gov. Code § 11440.)

Petitioner contends that the leave of absence provision of the Education Code, limiting the reasons for leave to illness, injury, vacation and the like, impliedly prohibit District from granting unpaid leaves of absence for the reason set forth in the findings of the trial court. Education Code section 13652, however, specifically refutes this contention:

"When any provision of this code expressly authorizes or requires the governing board of a school district to grant a leave of absence for any purpose or for any period of time to persons employed in positions not requiring certification qualifications, that express authorization or requirement *does not deprive the governing board of the power to grant leaves of absence with or without pay to such employees for other purposes or for other periods of time,* so long as the governing board does not deprive any employee of any leave of absence to which he is entitled by law." (Italics added.)

It is apparent that District's rules 1990, 3008 and 4008 are not in conflict with existing legislation; no claim is made that these rules have been or are being used to deprive petitioner of a leave to which he is entitled by law.

We find nothing in the cited rules which supports petitioner's contention that they constitute a deprivation of the constitutionally guaranteed right to equal protection of the laws. Petitioner's fundamental right to pursue a gainful occupation (*Takahashi* v. *Fish & Game Commission* (1948) 334 U.S. 410 [92 L.Ed. 1478, 68 S.Ct. 1138]) is obviously not at stake nor do the uncontested facts before us show a reclassification or layoff of petitioner. Constitutional arguments based upon such nonexistent facts are misplaced. The distinction between 11- and 12-month employees, subjecting the latter to a longer period of leave, is rationally based on the longer period of employment of 12-month employees. Selecting petitioner and his colleagues to the drastically limited periods of unpaid leave when, by definition, their

functions are administrative in nature and tied to the schools' physical operation is an eminently practical, and fair, measure, especially when it is used to curtail administrative expenses during school vacations.

The judgment is affirmed.

Fleming, J., and Compton, J., concurred.

A petition for a rehearing was denied January 7, 1977, and appellants' petition for a hearing by the Supreme Court was denied February 17, 1977.