[No. A021730. First. Dist., Div. One. May 24, 1984.]

ELVRY STONEHAM et al., Plaintiffs and Respondents, v.
RUTH RUSHEN, as Director, etc., Defendant and Appellant.

[No. A023754. First Dist., Div. One. May 24, 1984.]

GEORGE DENTON, as Director, etc., Petitioner, v.
THE SUPERIOR COURT OF MARIN COUNTY, Respondent;
ELVRY STONEHAM et al., Real Parties in Interest.

**[Opinion certified for partial publication.†]**

†At the direction of the court, and pursuant to California Rules of Court, rules 976 and 976.1, the portion of the opinion certified for publication follows.

**COUNSEL**

John K. Van de Kamp, Attorney General, Karl S. Mayer and Thomas P. Dove, Deputy Attorneys General, for Defendant and Appellant and Petitioner.

No appearance for Respondent Court.

Michael Satris, Donald Specter and Charles S. Bishop for Plaintiffs and Respondents and Real Parties in Interest.

**OPINION**

**RACANELLI, P. J.**—In these consolidated proceedings, we consider certain questions left undecided in *Stoneham* v. *Rushen* (1982) 137 Cal.App.3d

729, 734, 737 [188 Cal.Rptr. 130] [*Stoneham I*] and the validity of a contempt order based upon an alleged noncompliance with the trial court's mandamus order affirmed in *Stoneham I.*

In *Stoneham I* we held that the Director of Corrections (Director) was required to comply with the Administrative Procedure Act (APA) as codified (Gov. Code, § 11342 et seq.) in promulgating regulations dealing with a newly established standardized classification point-scoring system relating to prison placement. During the pendency of that appeal the Director promulgated amended regulation 3375 (Cal. Admin. Code, tit. 15, § 3375) incorporating the classification scoring process. Upon further hearings following remand, the trial court found that the adopted regulation, characterized as nothing more than a "policy statement," was inadequate in failing to provide sufficient details concerning the operation and effect of the implementing classification scoring system. In denying the Director's motion for an order discharging the writ of mandate, the trial court entered a further order that the Director "proceed further with adoption of a regulation to comply with [its] mandate." ■■■■ The Director appeals from the order denying discharge.[1]

Thereafter, contempt proceedings were initiated against the Director charging wilful noncompliance with the terms of the mandamus order as modified.

On June 15, following argument of counsel, the trial court entered a minute order finding the Director, George Denton, in contempt and imposing a fine of $1,000, with execution stayed for a period of 60 days.[2] Thereafter, upon the Director's petition, we issued the writ of certiorari, continued a previous stay of the contempt order and consolidated the related matters for decision.

### The Appeal (A021730)

The Director contends, in essence, that the subject regulation (Cal. Admin. Code, tit. 15, § 3375)[3] was properly adopted consistent with APA

[1]Although the March 25, 1983, minute order is technically nonappealable as a preliminary step to final judgment (see 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 70, pp. 4083-4084), the postjudgment order relating to the enforcement of the final judgment granting peremptory relief constitutes an appealable order. (*City of Carmel-by-the-Sea* v. *Board of Supervisors* (1982) 137 Cal.App.3d 964, 971 [187 Cal.Rptr. 379]; see Witkin, *op. cit. supra,* § 82, p. 4093.) Accordingly, we deem the issues presented by the Director's appeal from that order, and other "oral order" integrally related thereto, properly before us.

[2]Apparently, petitioner Denton, who was acting as an interim director, was designated for convenience as the official representative to whom the contempt sanctions applied.

[3]The full text of the regulation may be found in *Stoneham I, supra,* 137 Cal.App.3d 729 at pages 734, 735, footnote 6.

requirements and is in full compliance with the terms of the original order of mandate. Generally, the Director argues that the trial court's actions were procedurally defective and in excess of its jurisdiction.

It is undisputed that the regulation provides only broad outlines of the classification scheme itself. Details of the point-scoring system bearing upon custody placement decisions have been relegated to administrative bulletins contained in the classification manual without independent review under the APA. Although the parties focus their arguments principally upon the validity of the regulation itself, two interrelated questions are presented for decision: 1) whether regulation 3375 is valid notwithstanding the absence of specific details concerning the operation of the classification point-scoring system; 2) and whether implementation of the point-scoring system contained in the administrative bulletins is conditioned upon preliminary compliance with the APA, a question we answered affirmatively in *Stoneham I, supra,* 137 Cal.App.3d 729, at page 736.

I

Under the relevant APA provisions governing the adoption of regulations by administrative agencies, the regulation—in order to be valid and effective—must be "within the [agency's] scope of authority . . . ." (Gov. Code, § 11342.1) and "consistent . . . with the statute and reasonably necessary to effectuate the purpose of the statute." (Gov. Code, § 11342.2.) Any interested person may test the validity of a regulation by bringing an action for declaratory relief on grounds that: (1) the agency substantially failed to comply with the various notice and hearing procedures; (2) the record does not support the agency's determination that the regulation was reasonably necessary to effectuate the purpose of the statute; and (3) in the case of an emergency regulation, the facts do not constitute an emergency. (Gov. Code, § 11350.)[4]

The Director argues, convincingly, that the *quality* or *substance* of the regulation is not a proper subject of judicial inquiry and that review on appeal is limited to a determination whether 1) the agency complied with statutory procedures and 2) the regulation is reasonably necessary to effectuate the statutory purpose. We agree.

---

[4]The statute as amended, now provides that effective January 1, 1983, the regulation may be declared invalid on the second ground if the agency's determination of reasonable necessity is unsupported by substantial evidence. (Gov. Code, § 11350, subd. (b); as amended, Stats. 1982, ch. 1573, § 10, p. 6211.)

■ "The court's role in reviewing administrative regulations adopted pursuant to the former Administrative Procedure Act is a limited one. 'First, our task is to inquire into the legality of the challenged regulation, not its wisdom. (*Morris* v. *Williams* (1967) 67 Cal.2d 733, 737 [63 Cal.Rptr. 689, 433 P.2d 697].) Second, in reviewing the legality of a regulation adopted pursuant to a delegation of legislative power, the judicial function is limited to determining whether the regulation (1) is "within the scope of [the] authority conferred" ([former] Gov. Code, § 11373) and (2) is "reasonably necessary to effectuate the purpose of the statute" ([former] Gov. Code, § 11374). ■ Moreover, "these issues do not present a matter for the independent judgment of an appellate tribunal; rather, both come to this court freighted with the strong presumption of regularity accorded administrative rules and regulations." (*Ralphs Grocery Co.* v. *Reimel* (1968) 69 Cal.2d 172, 175 [70 Cal.Rptr. 407, 444 P.2d 79].) And in considering whether the regulation is "reasonably necessary" under the foregoing standards, the court will defer to the agency's expertise and will not "superimpose its own policy judgment upon the agency in the absence of an arbitrary and capricious decision." (*Pitts* v. *Perluss* (1962) 58 Cal.2d 824, 832 [27 Cal.Rptr. 19, 377 P.2d 83].)' (*Agricultural Labor Relations Bd.* v. *Superior Court* (1976) 16 Cal.3d 392, 411 [128 Cal.Rptr. 183, 546 P.2d 687]; see also *Pacific Legal Foundation* v. *Unemployment Ins. Appeals Bd.* (1981) 29 Cal.3d 101, 111 [172 Cal.Rptr. 194, 624 P.2d 244]; *International Business Machines* v. *State Bd. of Equalization* (1980) 26 Cal.3d 923, 931, fn. 7 [163 Cal.Rptr. 782, 609 P.2d 1].) . . . . [¶] ■ Where the Legislature has delegated to an administrative agency the responsibility to implement a statutory scheme through rules and regulations, the courts will interfere only where the agency has clearly overstepped its statutory authority or violated a constitutional mandate." (*Ford Dealers Assn.* v. *Department of Motor Vehicles* (1982) 32 Cal.3d 347, 355-356 [185 Cal.Rptr. 453, 650 P.2d 328], fn. omitted.)

■ Respondents neither argued below nor on appeal that the agency contravened a constitutional mandate or exceeded its statutory authority. Thus, once the regulation was officially filed, it is presumed that it was "duly adopted" in compliance with the APA (Gov. Code, § 11343.6) and in the language of the published text (Gov. Code, § 11344.6, formerly § 11343.7). Without a record of the agency's rule-making proceeding for purposes of judicial review (Gov. Code, § 11347.3), the presumption of regularity stands unrebutted and is controlling on appeal.

Under the statutory scheme, review of the *sufficiency or qualitative substance* of the regulation is delegated to the executive branch and, in the absence of arbitrariness is beyond the scope of judicial oversight. (See *Ford*

*Dealers Assn.* v. *Department of Motor Vehicles, supra,* 32 Cal.3d at p. 355; see also Gov. Code, § 11350, subd. (c).)[5]

Since the record demonstrates that regulation 3375, as amended, was adopted in full compliance with the APA and transgresses neither constitutional nor statutory limitations, we conclude that the challenged regulation is legally valid in its existing form.

## II

 We next consider the remaining issue whether the Director may implement regulation 3375 by use of the classification scoring system contained in either administrative bulletins or classification manual without APA compliance. As earlier noted, we have previously determined that precise question in *Stoneham I* where we held that the point-scoring system represents a rule of general application which must be adopted in compliance with the APA. (*Stoneham I, supra,* 137 Cal.App.3d at pp. 736-737.) We also determined that the classification scoring system did not fall within the limited exemptions provided under Government Code section 11342, subdivision (b). (*Id.,* at p. 736; cf. *Hillery* v. *Rushen* (9th Cir. 1983) 720 F.2d 1132 [guidelines relating to prison inmates' property subject to APA compliance].) Our determination is fortified by the recent enactment of Government Code section 11347.5 (eff. Jan. 1, 1983) which expressly provides that "[n]o state agency shall issue, utilize, enforce, or attempt to enforce any guideline, criterion, bulletin, manual, instruction, order, standard of general application, or other rule, which is a regulation as defined in subdivision (b) of Section 11342, unless the guideline, criterion, bulletin, manual, instruction, order, standard of general application, or other rule has been adopted as a regulation and filed with the Secretary of State pursuant to this chapter."

Since, as previously determined, the novel scoring scheme represents a rule of general application, it likewise fits within the all-inclusive statutory

---

[5]The Legislature established an elaborate framework for internal review of the quality of the adopted regulation. (Gov. Code, § 11340 et seq.) It created the Office of Administrative Law (OAL) which is "charged with the orderly review of adopted regulations" (Gov. Code, §§ 11340.1, 11340.2) and empowered "to improve the *quality* of those regulations which are adopted." (Gov. Code, § 11340.1; italics added.) In conducting the required review, the OAL shall determine whether the regulation complies with standards of necessity, authority, clarity, consistency, reference and nonduplication. (Gov. Code, §§ 11349, 11349.1.) In the event the regulation fails to meet the prescribed standards, the OAL may disapprove the regulation and return it to the agency for rewriting. (Gov. Code, §§ 11349.3, subd. (b), 11349, 11349.4.) However, the decision of the OAL disapproving the regulation may be overridden by the Governor and transmitted for filing as adopted. (Gov. Code, § 11349.5.) [That scenario occurred herein.] However, the Governor's decision overruling the OAL cannot be considered in a declaratory relief action brought to test the validity of the regulation. (Gov. Code, § 11350, subd. (c).)

description requiring satisfactory APA compliance before its use or enforcement. To reach the contrary conclusion suggested by the Director would effectively "strip the statutory requirement that regulations be promulgated pursuant to the APA of all its force." (*Hillery* v. *Rushen, supra,* 720 F.2d at p. 1136.)[6]

The Director's remaining procedural arguments may be briefly discussed.

■■■ The Director's contention that the trial court lacked jurisdiction to determine the adequacy of the promulgated regulation in the same mandamus proceeding is without merit. At issue on remand were the twin questions of validity of the regulation and satisfactory APA compliance in the proposed implementing scoring system. As we have shown, the former involved limited judicial scrutiny, but the latter remained unfulfilled. In determining whether the Director had satisfactorily complied with its peremptory command concerning use of the classification scoring system, the trial court retained inherent power to "make any orders necessary and proper for the complete enforcement of the writ." (Code Civ. Proc., § 1097; see generally *Molar* v. *Gates* (1979) 98 Cal.App.3d 1, 25 [159 Cal.Rptr. 239, 12 A.L.R.4th 1197].) In denying the Director's request to discharge the writ, the trial court's order of modification simply amplified its original order that the administrative bulletins be first adopted pursuant to the APA before they could be properly used as a classification mechanism. Such order in aid of enforcement was well within the trial court's authority. (Cf. *Housing Authority* v. *City of Los Angeles* (1953) 40 Cal.2d 682, 688 [256 P.2d 4] [order modifying original writ of mandate in subsequent proceeding involving new annexation issue].)

Nor do we believe, as the Director argues, that the question of compliance with the earlier mandate raised new issues reviewable only through an independent declaratory relief action under Government Code section 11350. (9) The purpose of section 11350 is not to limit the available remedies in challenging a regulation, but rather to permit any interested person (such as one potentially subject to the regulation) to test its validity without risk of conflicting actions. (See, e.g., *Chas. L. Harney, Inc.* v. *Contractors' Bd.* (1952) 39 Cal.2d 561, 564 [247 P.2d 913]; see *K. & W. Pharmacy, Inc.* v. *State Dept. of Social Welfare* (1969) 275 Cal.App.2d 139, 141 [79 Cal.Rptr. 598].) Thus, it has been held under comparable circumstances that where an actual controversy is presented concerning the validity of an administrative regulation, the court may decide the dispute even where the proceeding

---

[6]In view of the conclusion we have reached, it is unnecessary to discuss the implications of a subsequent determination by the OAL whether the proposed rule is a regulation as provided under the 1982 enactment. In any case, it does not appear from the record that the OAL issued a determination as permitted.

began upon a petition for writ of mandate (*California Sch. Employees Assn.* v. *Los Angeles City Unified Sch. Dist.* (1976) 65 Cal.App.3d 848, 851-852 [134 Cal.Rptr. 424]; *Brock* v. *Superior Court* (1952) 109 Cal.App.2d 594, 601-603 [241 P.2d 283]) or complaint for injunctive relief (*County of Los Angeles* v. *State Dept. Pub. Health* (1958) 158 Cal.App.2d 425, 443-445 [322 P.2d 968]; see *Sperry & Hutchinson Co.* v. *Cal. State Bd. of Pharmacy* (1966) 241 Cal.App.2d 229, 233 [50 Cal.Rptr. 489]).

In conclusion, we hold that to the extent that the order of mandate as modified restrains the classification and transfer of inmates based upon the standardized classification scoring system reflected in the administrative bulletins or classification manual until adopted as a regulation in compliance with the APA, such order was proper and must be affirmed.

. . . . . . . . . . . . . . . . . . . . . . . . . .*

### Disposition

The order appealed from in AO21730 is affirmed in accordance with the views expressed herein.

. . . . . . . . . . . . . . . . . . . . . . . . . .*

Newsom, J., and Holmdahl, J., concurred.

A petition for a rehearing was denied June 15, 1984, and appellant's petition for a hearing by the Supreme Court was denied August 8, 1984.

---

*See footnote, *ante,* page 302.