[Civ. No. 23700. Third Dist. Apr. 23, 1985.]

DAVID WILDER FAUNCE et al., Plaintiffs and Appellants, v.
GEORGE F. DENTON, as Director, etc., Defendant and Respondent.

COUNSEL

David Wilder Faunce, in pro. per., for Plaintiffs and Appellants.

John K. Van de Kamp, Attorney General, W. Scott Thorpe and Clayton S. Tanaka, Deputy Attorneys General, for Defendant and Respondent.

OPINION

**CARR, J.**—On behalf of himself and other plaintiffs below, all of whom are prisoners in the state prison at Folsom, California, David Wilder Faunce appeals from a judgment denying plaintiffs' motion for a preliminary injunction and dismissing their complaint challenging the validity of prison regulations which limit the amount and type of property prisoners may keep in their cells and for declaratory relief and a permanent injunction. Faunce contends the regulations were promulgated without compliance with the California Administrative Procedure Act and that the regulations violate several constitutional and statutory rights, including the right of access to the courts. We shall reverse and remand with directions to vacate the dismissal of the complaint and enter an order granting a preliminary injunction.

I

On September 1, 1983, David Faunce, Fred Roberts, and John Butts, inmates at Folsom Prison, filed a class action complaint in propria persona for declaratory and injunctive relief against the Director of the Department of Corrections (Director) and other prison officials, seeking to forestall the implementation and enforcement of revised chapter 4600 of the Department of Corrections Administrative Manual. Chapter 4600 sets forth detailed provisions governing the amount and type of personal property which prisoners throughout the department's system may possess in their cells. Plaintiffs

objected particularly to that part of chapter 4600 which limits the amount of property each prisoner may possess in his or her cell to six cubic feet, contending this limitation adversely effects their ability to function as "jailhouse lawyers" by limiting the number of legal books and other legal materials they may keep in their cells.

In their complaint, plaintiffs alleged the enforcement of chapter 4600 is arbitrary and capricious; unlawfully restricts prisoners' right of access to the courts by limiting their access to legal materials and assistance; infringes on prisoners' freedom of expression and association by limiting access to reading materials, letters, handicraft materials, and the like; causes "taking" of prisoners' property without compensation; denies due process by failing to provide for predeprivation hearings; violates prisoners' right of privacy; constitutes unreasonable seizure; and violates prisoners' rights guaranteed by Penal Code section 2600. In addition, plaintiffs alleged chapter 4600 was not promulgated, as required, pursuant to Penal Code section 5058 and the Administrative Procedure Act (ch. 3.5 [commencing with § 11340] pt. 1 of div. 3, tit. 2 of the Gov. Code). Affidavits from several prisoners were attached to the complaint setting forth various instances in which, pursuant to chapter 4600, excess property was confiscated without compensation and with undue hardship.

The complaint was served by mail on the named defendants, but apparently no summons was issued because Faunce was unaware of this requirement. On November 18, 1983, Faunce filed a notice of motion for a preliminary injunction, to be heard before the court on December 9, 1983. He also filed several requests for subpoenas and subpoenas duces tecum, directed to the several defendants.

On December 9, 1983, the court held a hearing on the motion for preliminary injunction. Faunce was not present, apparently because he did not submit a proper request to the court for his production. The deputy attorney general briefly argued the matter after familiarizing himself with the file and the court denied the motion for preliminary injunction, asking the deputy attorney general to prepare a formal order. On December 13, 1983, the court filed an order which not only denied the motion for preliminary injunction but also dismissed the "complaint and application for a . . . permanent injunction and declaratory relief . . . ."[1]

## II

■ We first consider the court's order to the extent it dismissed the complaint for declaratory relief and permanent injunction. There was no

---

[1]By the language of the order, the court "denied" the complaint for injunctive and declaratory relief. Although less artfully worded than plaintiffs' pro. per. complaint, the order clearly purports to dismiss the complaint.

motion before the court to dismiss the complaint, either by the Attorney General or on the court's own motion. The court did not hold a hearing on a motion to dismiss; the hearing held by the court considered only the motion for preliminary injunction. There was no discussion of the merits or procedural deficiencies of the complaint. The oral ruling of the court purported only to deny the motion for preliminary injunction.

Dismissal of the complaint was improper and to that extent the judgment must be reversed. Plaintiffs should be entitled to proceed with their complaint.

 We next consider the order denying the motion for a preliminary injunction.

### III

 An order granting or denying a motion for a preliminary injunction is an appealable order. (Code Civ. Proc., § 904.1, subd. (f); *Abar* v. *Rogers* (1981) 124 Cal.App.3d 862, 864 [177 Cal.Rptr. 655].) In reviewing such an order, the appellate court is normally limited to determining whether the trial court, after weighing the relative harm to the parties and determining the likelihood of plaintiff's success on the merits, abused its discretion in granting or denying the motion. (*IT Corp.* v. *County of Imperial* (1983) 35 Cal.3d 63, 69-70 [196 Cal.Rptr. 715, 672 P.2d 121]; *Continental Baking Co.* v. *Katz* (1968) 68 Cal.2d 512, 527-528 [67 Cal.Rptr. 761, 439 P.2d 889].) However, where the issue on appeal from such an order is solely a question of law, it is appropriate for the court to consider the merits and determine whether the plaintiff is entitled to a preliminary injunction. (*Ortiz* v. *Woods* (1982) 129 Cal.App.3d 672, 676 [181 Cal.Rptr. 209]; *North Coast Coalition* v. *Woods* (1980) 110 Cal.App.3d 800, 804-805 [168 Cal.Rptr. 95].) It is undisputed that chapter 4600 was not promulgated pursuant to the Administrative Procedure Act. The purely legal issue presented is whether chapter 4600 is subject to the provisions of the act governing the promulgation of regulations.

This issue was decided in favor of plaintiffs' position in *Hillery* v. *Rushen* (9th Cir. 1983) 720 F.2d 1132. In anticipation of the enforcement of chapter 4600, inmates at San Quentin (including one of the plaintiffs in the present complaint, then a San Quentin inmate) brought a class action to enjoin its enforcement. The United States District Court determined that chapter 4600 was invalid and enjoined its enforcement on the ground that Penal Code section 5058, subdivision (a), required compliance with the Administrative Procedure Act. The Ninth Circuit Court of Appeals agreed and affirmed. (*Id.*, at p. 1140.)

The department does not dispute the reasoning of *Hillery* v. *Rushen,* but contends, first, the injunction therein was limited to San Quentin, and, second, the decision has been effectively overturned by the Supreme Court in *Pennhurst State School & Hospital* v. *Halderman* (1984) 465 U.S. 89 [79 L.Ed.2d 67, 104 S.Ct. 900], in which the court held the Eleventh Amendment to the United States Constitution prohibits federal courts from enjoining the conduct of state officials on the basis of state law. We agree *Hillery* directly affected only San Quentin, and the injunction issued there was effectively nullified by the decision in *Pennhurst.* However, we are pursuaded by the reasoning of *Hillery.*

Penal Code section 5058, subdivision (a), requires the Director to promulgate and amend "rules and regulations for the administration of the prisons" through the provisions of the Administrative Procedure Act. Section 11342, subdivision (b) of the Government Code, defines the regulations subject to the act, in part, as "every rule, regulation, order, or standard of general application or the amendment, supplement or revision of any such rule, regulation, order or standard adopted by any state agency to implement, interpret, or make specific the law enforced or administered by it, . . ." The only exceptions are those regulations which relate to the internal management of the agency, or any form prescribed by a state agency. (*Ibid.*)

Chapter 4600 is neither a form nor a rule of internal management of the department. It is "a rule of general application significantly affecting the male prison population in the custody of the Department," and therefore "is not exempt . . . from mandatory compliance with the [Administrative Procedure] Act." (*Stoneham* v. *Rushen* (1982) 137 Cal.App.3d 729, 736 [188 Cal.Rptr. 130]; see also, *Stoneham* v. *Rushen* (1984) 156 Cal.App.3d 302, 309-310 [203 Cal.Rptr. 20].) We agree with Faunce that chapter 4600 is invalid in this respect and its enforcement must be enjoined.

The Attorney General informs us that the department is in the process of amending section 3190 of title 15 of the California Administrative Code to incorporate the six cubic feet limit. Initial efforts by the department to amend section 3190 by an emergency order were rejected by the Office of Administrative Law. (Cal. Admin. Code, tit. 15, § 3190, Cal. Admin. Register 84, No. 30.) In November 1984, the Office of Administrative Law again rejected an attempt to amend section 3190 by emergency order. (*Id.,* at Register 84, No. 49Z.) Finally, the department successfully amended section 3190 by emergency order on March 6, 1985. (*Id.,* at Register 85, No. 12-Z.) Such amendment is effective only for 120 days from that date (Gov. Code, § 11346.1, subd. (e)), but the Department is presently soliciting public comment on the amendment in accordance with the formal procedures for permanently adopting it. (*Id.,* at Register 85, No. 14-Z.)

However, the department still has not adopted chapter 4600 in accordance with the Administrative Procedure Act. Amended section 3190 merely incorporated the six cubic feet limit on property. Chapter 4600 goes much further, setting forth in great detail the particular items of personal property which are subject to the limitation, including books and other such materials. The Department may not rely upon amended section 3190 to enforce chapter 4600. The amendment to section 3190 does not defeat plaintiffs' entitlement to a preliminary injunction against the enforcement of chapter 4600.[2]

### DISPOSITION

The judgment is reversed and the cause remanded to the trial court with directions to vacate its dismissal of the complaint for declaratory relief and permanent injunction and to enter an order granting plaintiffs' motion for a preliminary injunction.

Blease, Acting P. J., and Sims, J., concurred.

A petition for a rehearing was denied May 23, 1985, and the opinion was modified to read as printed above.

---

[2]On appeal, Faunce challenges the constitutionality of amended section 3190, as well as proposed amendments to section 3161 of chapter 15 of the California Administrative Code which specifically subject legal materials to the six cubic feet limit. As these amendments were not before the trial court we may not consider them in this appeal. Plaintiffs remain free to request leave to amend their complaint to include amended section 3190 and section 3161, should it be adopted.