[No. A055185. First Dist., Div. One. Mar. 11, 1992.]

In re LOREN R. LUSERO on Habeas Corpus.

COUNSEL

Donald Specter for Petitioner.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Kenneth C. Young, Assistant Attorney General, Morris Lenk and Catherine A. McBrien, Deputy Attorneys General, for Respondent.

## OPINION

STRANKMAN, P. J.—By petition for writ of habeas corpus, inmate Loren R. Lusero challenges his assignment to a security housing unit (SHU) for a fixed term with a minimum eligible release date of August 28, 1995. The assignment was made by respondent through an institutional classification committee (ICC) when Lusero was committed to the Department of Corrections for 19 years after his conviction for robbery and other offenses. The ICC based the assignment on its authority under title 15, California Code of Regulations, section 3341.5, subdivision (c)(5) (hereafter section 3341.5(c)(5)), to reimpose an unexpired, fixed SHU term on a previously paroled prisoner who "returns to prison, either as a parole violator or with a new prison commitment . . . ."

Respondent interprets the words "or with a new prison commitment" to encompass persons previously discharged from parole at the time of the new commitment. Petitioner urges, however, that since he had successfully completed parole, section 3341.5(c)(5) does not apply to him. We agree, finding respondent's interpretation of the section unreasonable.

### BACKGROUND

Petitioner was paroled from a prior prison commitment in 1988. At the time of his parole, he was serving a fixed disciplinary term in a SHU imposed when he was found guilty of assaulting a staff member. Petitioner successfully completed his parole and was discharged. (Pen. Code, § 3000, subd. (d).) Petitioner was most recently received by the Department of Corrections on May 10, 1990, and shortly thereafter was assigned to a SHU solely because of the previously unexpired SHU disciplinary fixed term. Petitioner's administrative challenges to the decision (*In re Muszalski* (1975) 52 Cal.App.3d 500 [125 Cal.Rptr. 286]) were unsuccessful. This petition followed.

### ISSUE

■ Petitioner does not challenge respondent's general authority, through an ICC, to assign inmates to a SHU during the classification process (Pen.

Code, § 5068) or to impose such a housing assignment as a disciplinary sanction (Pen. Code, § 5054). Nor does he challenge the validity of section 3341.5(c)(5) itself or the determinate SHU term scheme of the regulations promulgated by the director. Such challenges would normally require the filing of a declaratory relief action in the superior court. (*Stoneham* v. *Rushen* (1984) 156 Cal.App.3d 302, 307-309 [203 Cal.Rptr. 20].)

 As we have seen, petitioner contends, simply, that section 3341.5(c)(5) may not be reasonably read to apply to him, as he was previously discharged from parole.

## DISCUSSION

The Legislature has given the Director of the Department of Corrections broad authority for the discipline and classification of persons confined in state prisons. (Pen. Code, §§ 5054, 5068.) This authority includes the mandate to promulgate regulations governing administration, classification and discipline.

Exercising that authority, the director promulgated a detailed classification scheme for prisoners. (Cal. Code Regs., tit. 15, §§ 3375-3378.) The regulations provide for consideration of a person's behavior during prior prison commitments, and for calculation of a classification score based on whether a prison commitment is accompanied by a parole revocation, as well as other factors. A prisoner may in fact be assigned to a SHU on the basis of this classification process. Likewise, respondent promulgated regulations governing the discipline of prisoners—regulations which include assignment to a SHU for either a fixed or indeterminate term as one of several sanction options.

 While we must uphold respondent's classification action if it is supported by " 'some evidence' " (*In re Wilson* (1988) 202 Cal.App.3d 661, 666-667 [249 Cal.Rptr. 36]; *Superintendent* v. *Hill* (1985) 472 U.S. 445, 454-456 [86 L.Ed.2d 356, 105 S.Ct. 2768]), and we must afford great deference to an administrative agency's expertise (*In re Carter* (1988) 199 Cal.App.3d 271, 276 [244 Cal.Rptr. 648]), "where the agency's interpretation of the regulation is clearly arbitrary or capricious or has no reasonable basis, courts should not hesitate to reject it" (*id.*, at p. 277).

Respondent's authority extends only to those persons committed to the custody of the Department of Corrections. (Pen. Code, § 5054.) Indeed, the regulations themselves reiterate this fact in section 3375 of the California Code of Regulations, title 15 when they direct that the classification process

"shall be uniformly applied, commencing upon reception of a person committed to the custody of the director and shall continue throughout the time the individual remains under the director's jurisdiction." During the period of parole following incarceration, an inmate continues in the custody of the department. (Pen. Code, § 3000.) But discharge from parole is, plainly, discharge from that custody, whereupon respondent's jurisdiction ends.

Likewise, the imposition of a SHU fixed term is a disciplinary sanction that is one of the obligations of a prisoner's sentence. Once the sentence and the parole that follows it are complete, all obligations are extinguished as a matter of law.

The director may consider past prison behavior a factor in making a classification decision. The regulations so provide. Here, however, the ICC assigned the petitioner to a SHU, until at least August of 1995, on the basis of an extinguished disciplinary sanction. As the record stands, the only assigned basis to uphold the classification decision is the extinguished sanction, so that no evidence supports the action. (*In re Wilson, supra,* 202 Cal.App.3d at pp. 666-667.)[1] The decision was based upon an unreasonable interpretation of section 3341.5(c)(5) and so was arbitrary. (*In re Carter, supra,* 199 Cal.App.3d at p. 277.) Perhaps application of other classification or disciplinary regulations to petitioner will result in his assignment to a SHU. Nothing in our decision is intended to prohibit respondent from such action, nor do we require the petitioner's release to the general population if classification or other disciplinary sanctions preclude such release.

ORDER

The writ of habeas corpus is granted to the extent the assignment of petitioner Loren R. Lusero to a SHU unexpired fixed term pursuant to section 3341.5(c)(5), is declared null and void. Respondent shall forthwith classify petitioner pursuant to title 15, California Code of Regulations, section 3375 et seq.

Newsom, J., and Stein, J., concurred.

---

[1]The Attorney General suggests that this result will encourage soon-to-be-paroled prisoners to commit serious prison crimes, knowing that sanctions may be extinguished following release on parole. Such a response is unlikely in that respondent has other available sanctions, including separate prosecution.