999 F.2d 543
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Loren R. LUSERO, Plaintiff-Appellant,
v.
Charles D. MARSHALL, Warden, Defendant-Appellee.
 No. 92-15894.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 13, 1993.*
Decided July 9, 1993.
 MEMORANDUM***
 
 1
 Before CANBY and BRUNETTI, Circuit Judges, and JONES** District Judge.
 
 
 2
 California state prisoner Loren Lusero appeals the district court's dismissal, sua sponte and before service of process, of his claims against state corrections officials arising from the officials' decision to place him in a segregated housing unit (SHU). We reverse and remand.
 
 BACKGROUND
 
 3
 Lusero was committed to California Corrections Department custody and sent to the state prison in Tehachapi. The prisoner classification committee determined that Lusero should be placed in a SHU rather than in the general prison population. The committee based its decision on a California prison regulation that authorizes corrections officials to reimpose an unexpired fixed SHU term on a previously paroled prisoner who "returns to prison either as a parole violator or with a new prison commitment...." While serving a previous sentence, Lusero had been assigned to a fixed disciplinary SHU term. Before serving out his term, however, Lusero was released from prison and successfully discharged from parole.
 
 
 4
 Lusero pursued administrative appeals of the classification decision, arguing that his previous SHU term should not be reimposed because he had successfully completed parole and had been discharged. The prison officials disagreed, ruling that Lusero was subject to reassignment to a SHU because he had been released from prison before serving out his SHU term.
 
 
 5
 After Lusero was transferred to the SHU at Pelican Bay, prison officials conducted three more classification hearings. Lusero participated in these hearings, raising many objections to the classification proceedings and urging the officials to reclassify him or transfer him to a prison closer to his hometown. The prison officials denied his request and discounted his objections.
 
 
 6
 Lusero filed a complaint in district court, asserting that the classification decision violated his right of due process. He named as defendants officials of both Tehachapi and Pelican Bay prisons and Jack Reagan, Chief of Inmate Appeals. Without ordering service on the defendants, the district court dismissed Lusero's claims arising from the misclassification. The court gave two reasons for the dismissal. First, it ruled that the Northern District was not the proper venue for bringing claims against the Tehachapi prison officials (the Tehachapi defendants), who had made the initial classification decision. The court dismissed these claims without passing on their merits. The district court dismissed Lusero's claims against the Pelican Bay officials and Reagan (the Pelican Bay defendants) on the ground that Lusero's complaint did not give rise to an inference that the Pelican Bay defendants had violated Lusero's due process rights.
 
 
 7
 In this appeal, Lusero contends that the district court erred in dismissing his claims against the Tehachapi and Pelican Bay defendants.
 
 DISCUSSION
 I. DISMISSAL FOR IMPROPER VENUE
 
 8
 The district court erred in dismissing Lusero's claims against the Tehachapi defendants. The classification decision and Lusero's subsequent placement in a SHU constitute a single cause of action. Lusero's claims against the Tehachapi defendants arise out of this cause of action. Because a substantial part of the events or omissions giving rise to Lusero's claims against the Tehachapi defendants occurred in the Northern District, where the Pelican Bay prison is located, Lusero's claims against the Tehachapi defendants, who made the initial classification decision, were properly filed in the Federal Court for Northern District. 28 U.S.C. § 1391(b) (Civil rights action may be brought in "judicial district in which a substantial part of the events or omissions giving rise to the claims occurred."); see also Costlow v. Weeks, 790 F.2d 1486, 1487 (9th Cir.1986) (applying § 1391 to civil rights action against state officials).[1]
 
 
 9
 II. DISMISSAL FOR FAILURE TO RAISE AN INFERENCE OF A DUE PROCESS VIOLATION
 
 
 10
 We treat the district court's dismissal of Lusero's claims against the Pelican Bay defendants as a dismissal under 28 U.S.C. § 1915(d), Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989), and review for abuse of discretion the district court's determination that the claims are frivolous. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992).
 
 
 11
 We conclude that the district court abused its discretion in dismissing the claims. Lusero alleges in his complaint that the Pelican Bay defendants violated his right of due process because their decision to keep him in a SHU was arbitrary as it was based on inadequate information and an unreasonable interpretation of the prison classification regulation. Due process requires that the decision to place Lusero in a SHU not be arbitrary. Toussaint v. McCarthy, 801 F.2d 1080, 1100, 1105-06 (9th Cir.1986), cert. denied, 481 U.S. 1069 (1987); see also Redman v. County of San Diego, 942 F.2d 1435, 1440 (9th Cir.1990) (holding that Fourteenth Amendment affords prisoners some protection against arbitrary exercise of power), cert. denied, 112 S.Ct. 972 (1992). A California court of appeal has held that the prison authorities' interpretation of its regulations with regard to Lusero was unreasonable. In re Lusero, 5 Cal.Rptr.2d 729 (Ct.App.1992). Lusero's claims, therefore, have an arguable basis in law, Toussaint v. McCarthy, 801 F.2d at 1100, 1105-06, and are not frivolous. Neitzke v. Williams, 490 U.S. 319, 325-28 (1989).
 
 
 12
 We REVERSE the district court's decision dismissing Lusero's claims and REMAND the case for proceedings in accordance with our decision.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Robert E. Jones, United States District Judge for the District of Oregon, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 Apparently conceding that the Northern District was the proper venue for Lusero's complaint, the appellees contend that we should not reverse the dismissal because Lusero has not demonstrated that he was prejudiced by the decision. We reject this contention. There is no support for the proposition that the reversal of a district court's erroneous dismissal for improper venue is appropriate only if the plaintiff can show that he has been prejudiced by the decision. Moreover, were prejudice an issue Lusero might be able to show that the erroneous dismissal was extremely burdensome for him. He is a prisoner-plaintiff proceeding pro se and in forma pauperis, and it is not clear that the statute of limitations would not bar Lusero from refiling his claim. See Meade v. Grubbs, 841 F.2d 1512 (10th Cir.1988) (applying analogous state statute of limitations to prisoner's section 1983 claims)