[No. B166178. Second Dist., Div. Four. Nov. 5, 2003.]

In re NOEL PHILLIPE SCOTT, on Habeas Corpus.

COUNSEL

Noel Phillipe Scott, in pro. per.; Donald Specter and Anne Mania, under appointments by the Court of Appeal, for Petitioner.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Frances T. Grunder, Assistant Attorney General, Julie L. Garland, Michelle A. Des Jardins and Heather Bushman, Deputy Attorneys General, for Respondent.

## OPINION

**EPSTEIN, J.**—Noel Phillipe Scott challenges a disciplinary loss of 30 days of conduct credits on the ground the record does not support the finding that his conduct constituted a serious rules violation under regulations adopted by the Department of Corrections (CDC). Petitioner, a state prison inmate, was properly disciplined for an act of disrespect to prison staff. Ordinarily, this would be an offense subject to "administrative" discipline. It was treated as a more serious offense under a rule applying to "a repeated pattern of administrative rule violations for the same offense." Petitioner has suffered previous discipline, but not for the same offense. For that reason, we conclude the regulation does not support the construction urged by respondent Anthony Lamarque, Warden of the Salinas Valley State Prison.

### FACTUAL AND PROCEDURAL SUMMARY

Petitioner is serving a term of 25 years to life for murder. He is incarcerated in the Salinas Valley State Prison. He was cited for "disrespect of female staff" under California Code of Regulations, title 15, section 3004, subdivision (b). (All further regulatory citations are to title 15 of the California Code of Regulations, unless otherwise indicated.)[1] According to the Violation Report, on January 28, 2001, a correctional officer directed petitioner to enter

---

[1] California Code of Regulations, title 15, section 3004 provides: "(a) Inmates and parolees have the right to be treated respectfully, impartially, and fairly by all employees. Inmates and parolees have the responsibility to treat others in the same manner. Employees and inmates may use first names in conversation with each other when it is mutually acceptable to both parties. [¶] (b) Inmates, parolees and employees will not openly display disrespect or contempt for others in any manner intended to or reasonably likely to disrupt orderly operations within the institutions or to incite or provoke violence. [¶] (c) Inmates, parolees and employees will

the day room to wait for meal release, then locked him in. When another inmate passed by and asked petitioner why he was in the day room, petitioner said: "The bitch locked me in." A hearing officer found petitioner guilty of disrespect towards female staff in violation of section 3004, subdivision (b). Petitioner was assessed 30 days' disciplinary credit forfeiture pursuant to section 3323 for a division "F" offense and three weekends of confinement to quarters. This was based on what the Senior Hearing Officer characterized as petitioner's "extensive history of similar disciplinary charges," including several verbal confrontations with different staff members. The hearing officer concluded that petitioner has a significant inability to control his anger, resulting in outbursts and unacceptable behavior.

Petitioner pursued a Second Level Review, claiming the violation should have been classified as "administrative" rather than "serious." The Second Level Review concluded: "It is apparent the instance reflected in the circumstances portion of this CDC [form] 115 [report] alone, meets the criteria for an Administrative Rule Violation as outlined in CCR [California Code of Regulations] section 3314. However, cited below is CCR section 3315 which governs Serious Rule Violations. Noted is section M, which reflects how a rule violation although administrative in and of itself may be classified as a serious rule violation when that particular behavior becomes repetitive."[2] Section 3315, subdivision (a)(3) states that "Serious rule violations include but are not limited to: [¶] . . . [¶] (M) A repeated pattern of administrative rule violations for the same offense."[3]

---

not subject other persons to any form of discrimination because of race, religion, nationality, sex, political belief, age, or physical or mental handicap."

[2] Section 3314 governs administrative rules violations. It states in pertinent part: "(a) Inmate misconduct reported on a CDC Form 115 shall be classified administrative if: [¶] (1) The misconduct does not constitute a misdemeanor offense, except as provided in (3) below. [¶] (2) It does not involve any of the following circumstances: [¶] (A) The use or threat of force or violence against another person. [¶] (B) A breach of or hazard to facility security. [¶] (C) A serious disruption of facility operations. [¶] (D) The introduction or possession of controlled substances or dangerous contraband. [¶] (E) Any felony offense. [¶] (3) Administrative rule violations include but are not limited to: [¶] (A) Theft, destruction, misuse, alteration, damage, or unauthorized acquisition or exchange of personal or state property valued at $50 or less. [¶] (B) Possession of property, material, items, or substances in excess of authorized limits, or possession of contraband other than controlled substances or dangerous contraband. [¶] (C) Misuse of food. [¶] (D) Out-of-bounds presenting no threat to facility security. [¶] (E) Misuse of telephone privileges presenting no threat to facility security. [¶] (F) Mail or visiting violations presenting no threat to facility security. [¶] (G) Failure to meet work or program expectations within the inmate's abilities. [¶] (H) Late for or absent without authorization from a work or program assignment. [¶] (I) Use of vulgar or obscene language. [¶] (J) Failure to follow an itinerary when on temporary community leave from a community-access facility. [¶] (K) Under the influence (use) of alcoholic beverages, drugs, or intoxicants in a community-access facility. [¶] (L) Failure to comply with departmental grooming standards."

[3] In pertinent part, section 3315 provides: "(a) Inmate misconduct reported on a CDC Form 115 shall be classified serious if: [¶] (1) It is an offense punishable as a misdemeanor not

The second level review listed petitioner's disciplinary history:

"CDC 115's:

"01/20/01: Behavior Which Could Lead to Violence.

"10/11/00: Finding Another Inmate in Cell.

"07/23/00: Behavior Which Could Lead to Violence.

"CDC 128-A's as follows:

"12/17/00: Grooming Standard.

"11/15/00: Contraband.

specified as administrative in section 3314(a)(3) or is a felony, whether or not prosecution is undertaken. [¶] (2) It involves any one or more of the following circumstances: [¶] (A) Use of force or violence against another person. [¶] (B) A breach of or hazard to facility security. [¶] (C) A serious disruption of facility operations. [¶] (D) The introduction or possession of controlled substances or dangerous contraband. [¶] (E) An attempt or threat to commit any act listed in (A) through (D), coupled with a present ability to carry out the threat or attempt if not prevented from doing so. [¶] (3) Serious rule violations include but are not limited to: (A) Misconduct reportable to the inmate's releasing authority. [¶] (B) Theft, destruction, misuse, alteration, damage, unauthorized acquisition or exchange of personal or state property amounting to more than $50. [¶] (C) Hideout, preparation to escape, or possession of escape paraphernalia. [¶] (D) Tattooing or possession of tattoo paraphernalia. [¶] (E) Manufacture of alcohol or possession of any controlled substance, unauthorized drug, intoxicant, or illegal substance. [¶] (F) Being under the influence (use) of alcoholic beverages, controlled substances, unauthorized drugs or intoxicants in an institution, community correctional facility, or camp. [¶] (G) Possession of five dollars or more without authorization. [¶] (H) Acts of disobedience or disrespect which by reason of intensity or context create a potential for violence or mass disruptive conduct. [¶] (I) Willfully inciting others to commit an act of force or violence. [¶] (J) Refusal to perform work or participate in a program as ordered or assigned. [¶] (K) Recurring failure to meet work or program expectations within the inmate's abilities when lesser disciplinary methods failed to correct the misconduct. [¶] (L) Participation in a strike or work stoppage. [¶] (M) A repeated pattern of administrative rule violations for the same offense. [¶] (N) Mail or visiting violations presenting a threat as described in (2) above. [¶] (O) Harassment of another person, group, or entity either directly or indirectly through the use of the mail or other means. [¶] (P) Throwing any liquid or solid substance on a nonprisoner. [¶] (Q) Unauthorized possession of departmental records or documents which could affect any inmate's release status. [¶] (R) Refusal to submit to a test for controlled substances. [¶] (S) Refusal to provide blood specimens, a saliva sample, and palm and thumb print impressions . . . after receiving written notification that such specimens and samples must be provided. [¶] (T) Participation in gambling. [¶] (U) Late return or failure to return from a temporary community release or leave. [¶] (V) Unauthorized possession of materials or substances which have been diverted or altered from the original manufactured state or purpose with the potential to be made into a weapon; explosive or explosive-making materials; poison, caustic substance; any destructive device. [¶] (W) Self mutilation or attempted suicide for the purpose of manipulation. [¶] (X) Involvement in a conspiracy or attempt to do any of the above."

"10/05/00: Disregard for Rules.

"08/03/00: Not Complying with Orders.

"08/03/00: Not Complying with Orders."

The second level review concluded: "Almost without exception in these instances you have become argumentative and at times disrespectful towards staff. Therefore, this CDC 115 was appropriately classified in accordance with the above cited rule. As such, in light of the above-cited regulations and further noting that you have not provided any new information to consider your request for remedial action can not be granted." The appeal was denied and the warden approved this action.

Petitioner filed a petition for writ of habeas corpus with the Superior Court for the County of San Luis Obispo in October 2002. The trial court issued an order to show cause directing the CDC to reclassify the rules violation as administrative and to vacate the punishment imposed.

Respondent filed a return to the order to show cause. He took the position that prison officials may characterize administrative violations as serious when "certain behaviors are repeated," citing section 3315, subdivision (a)(3)(M). The argument was that petitioner's disciplinary record documented his repeated disrespect for staff because he had three serious violations and five administrative violations in the six months prior to the current violation.

Respondent submitted exhibits in support of his summary of petitioner's disciplinary history. They show that petitioner confronted a staff member "regarding a tennis racket" and engaged in potentially violent behavior on July 23, 2000. On August 3, 2000, petitioner disobeyed an order to close his cell door and was warned that further disobedience would result in disciplinary action. Later the same day, he played his guitar in violation of housing rules. On October 5, 2000, petitioner violated housing rules by leaving his cell door open four times. Five days later, he was found in another inmate's cell "in violation of his boundaries" and he was warned that continued disregard for the rules would result in disciplinary action. On November 15, "Petitioner tried to manipulate a staff member by blaming the malfunctioning of his television on another staff member." On December 17, Petitioner was told to tuck in his shirt and "disrespectfully" told a staff member that it was not the staff member's responsibility to advise him of the dress code. On January 20, 2001, petitioner acted agitated when arguing with a staff member about his noncompliance with the grooming standard. He used inappropriate language and repeatedly refused to comply with orders by the staff member to return to a certain location.

Respondent conceded that these violations were not categorized as violations of section 3004, subdivision (b), nor were they labeled as involving disrespect to staff. But he argued the violations showed a pattern of rule violations coupled with inappropriate confrontations with staff members. He concluded that petitioner's behavior "is precisely the type of 'repeated pattern' warranting a serious violation classification" under section 3315, subdivision (a)(3)(M). He argued that the fact that various staff members referred to petitioner's conduct in different ways when reporting rules violations should not bar imposition of the more serious discipline.

A different superior court judge denied the petition, finding that petitioner was an habitual rule breaker. Petitioner filed a petition for writ of habeas corpus in this court in April 2003. We issued an order to show cause and appointed counsel to represent petitioner. Respondent filed a return on August 11, 2003, and petitioner, through his appointed counsel, filed a denial and exception to the return on September 9, 2003.

## DISCUSSION

Section 3315, subdivision (a) describes the circumstances under which inmate misconduct reported on a CDC form 115 is classified as serious. Subdivision (a)(3) states that "Serious rule violations include but are not limited to: [¶] . . . [¶] (M) A repeated pattern of administrative rule violations for the same offense." Respondent's position is that the phrase "the same offense" should be construed to mean *any* disciplinary violation which involved conduct which was disrespectful to prison staff.

"The Legislature has given the Director of the Department of Corrections broad authority for the discipline and classification of persons confined in state prisons. (Pen. Code, §§ 5054, 5068.) This authority includes the mandate to promulgate regulations governing administration, classification and discipline." (*In re Lusero* (1992) 4 Cal.App.4th 572, 575 [5 Cal.Rptr.2d 729].) We must uphold respondent's disciplinary action if it is supported by " 'some evidence.' " (See *Superintendent v. Hill* (1985) 472 U.S. 445, 454–456 [86 L.Ed.2d 356, 105 S.Ct. 2768]; *In re Estrada* (1996) 47 Cal.App.4th 1688 [55 Cal.Rptr.2d 506].) Although we "must afford great deference to an administrative agency's expertise (*In re Carter* (1988) 199 Cal.App.3d 271, 276 [244 Cal.Rptr. 648]), 'where the agency's interpretation of the regulation is clearly arbitrary or capricious or has no reasonable basis, courts should not hesitate to reject it' (*id.,* at p. 277)." (*In re Lusero, supra,* 4 Cal.App.4th at p. 575.)

Respondent would have us hold that any rule violation may be classified as "serious" if the prisoner has a history of any disciplinary violations, none of

which included disrespect of prison staff as an element or in the charges, as long as disrespect was involved in the commission of the offense. Respondent argues that petitioner's pattern of behavior warrants disciplinary action, because he repeatedly refused to acknowledge prison rules and showed disrespect for the prison officials implementing these rules.

Many of the grounds for administrative or serious rule violations could be interpreted to include conduct disrespectful of prison staff. For example, section 3314 provides a nonexclusive list of conduct which may be the basis for imposing an administrative rule violation: subdivision (a)(3)(D) ("Out-of-bounds presenting no threat to facility security"); (a)(3)(I) ("Use of vulgar or obscene language"); (a)(3)(L) ("Failure to comply with departmental grooming standards"). Similarly, section 3315 lists a variety of conduct which triggers a serious rule violation which could be seen to include disrespectful conduct: (a)(3)(H) ("Acts of disobedience or disrespect which by reason of intensity or context create a potential for violence or mass disruptive conduct"); (a)(3)(I) ("Wilfully inciting others to commit an act of force or violence"); (a)(3)(J) ("Refusal to perform work or participate in a program as ordered or assigned"); (a)(3)(P) ("Throwing any liquid or solid substance on a nonprisoner"). Under respondent's construction, a history of violations of any of these regulations could result in the elevation of an administrative violation to a serious violation under section 3315, subdivision (a)(3)(M).

"In interpreting regulations, the court seeks to ascertain the intent of the agency issuing the regulation by giving effect to the usual meaning of the language used so as to effectuate the purpose of the law, and by avoiding an interpretation which renders any language mere surplusage. (*Brewer v. Patel* (1993) 20 Cal.App. 4th 1017, 1021 [25 Cal.Rptr.2d 65.])" (*Modern Paint & Body Supply, Inc. v. State Bd. of Equalization* (2001) 87 Cal.App.4th 703, 708 [104 Cal.Rptr.2d 784].) Respondent's interpretation of section 3315, subdivision (a)(3)(M) reads the language "for the same offense" out of the regulation. It is that phrase that makes "[a] repeated pattern of administrative rule violations for the same offense" a serious rule violation. The language of the rule does not support respondent's interpretation. If the Department of Corrections intended so sweeping a construction, it should not have included the phrase "for the same offense" in section 3315, subdivision (a)(3)(M).

Respondent argues that according to the record, "[P]etitioner could easily have been written up for disrespecting staff for each of the previous violations." The problem with this argument is that he was *not* written up for disrespect in the prior disciplinary incidents. Construing the "same offense" language as respondent urges would thus allow the harsher discipline to be imposed without adequate notice to the prisoner in violation of his or her due process rights. (See *In re Estrada, supra,* 47 Cal.App.4th 1688.)  ■  For

these reasons, we conclude that the regulation may not reasonably be construed to allow imposition of a serious violation under section 3315, subdivision (a)(3)(M) unless the repeated pattern of administrative violations was for the same offense.

■ The degree of discipline imposed also may be upheld if the record demonstrates "some evidence" that petitioner had a pattern of violations for the *same* offense. Petitioner does have a pattern of disciplinary violations, but none of them was for the same administrative offense (disrespect of staff), a violation of section 3004, subdivision (b). Two of the violations cited by respondent were serious (7/23/00, 1/20/01); one was a violation of a different administrative regulation (10/11/00); and the remainder involved the less severe discipline of counseling.[4]

Serious violations:

01/20/01: Behavior Which Could Lead to Violence (§ 3005, subd. (a)).

07/23/00: Behavior Which Could Lead to Violence (§ 3005, subd. (a)).

Administrative violations:

10/11/00: Finding Another Inmate in Cell (§ 3015).

Counseling Chronos:

12/17/00: Grooming Standard (§ 3309).

11/15/00: Contraband (no rule cited).

10/05/00: Disregard for Rules (§ 3001).

08/03/00: Not Complying with Orders (§§ 3001, 3005, subd. (b)).

08/03/00: Not Complying with Orders (§§ 3001, 3005, subd. (b)).

■ As petitioner points out, five of the violations described by respondent as "administrative" actually involved the lesser discipline of a "counseling chrono" and were described as custodial counseling on respondent's 128-A forms.[5] These violations under the separate classification of counseling

---

[4] We have indicated the section of the regulations cited by respondent as a basis for each rules violation in parentheses.

[5] Section 3312, subdivision (a) provides in pertinent part: "Inmate misconduct shall be handled by: [¶] (1) Verbal Counseling. Staff may respond to minor misconduct by verbal

discipline do not qualify as part of a pattern of repeated administrative violations. Petitioner's present violation was for calling a female prison staff member a "bitch" in violation of section 3004, subdivision (b), which prohibits disrespectful conduct. In order to support the serious violation imposed, respondent was required to demonstrate that petitioner had a pattern of being disciplined for violating this regulation. There is no evidence of such a pattern of discipline. We therefore grant the relief requested. In light of this conclusion, we need not reach petitioner's claims that he was improperly denied a postponement of his disciplinary hearing and the opportunity to present witnesses in his behalf.

## DISPOSITION

The petition for writ of habeas corpus is granted. Respondent is directed to vacate the discipline imposed based on the finding that petitioner committed a serious rules violation on January 28, 2001; to restore 30 days of credits; and to expunge this serious rules violation from petitioner's disciplinary record.

Vogel (C.S.), P. J., and Hastings, J., concurred.

---

counseling. When verbal counseling achieves corrective action, a written report of the misconduct or counseling is unnecessary. [¶] (2) Custodial Counseling Chrono. When similar minor misconduct recurs after verbal counseling or if documentation of minor misconduct is needed, a description of the misconduct and counseling provided shall be documented on a CDC Form 128-A, Custodial Counseling Chrono. A copy of the completed form shall be provided to the inmate and the original placed in the inmate's central file. Disposition of any contraband involved shall be documented in the CDC Form 128-A. [¶] (3) Rules Violation Report. When misconduct is believed to be a violation of law or is not minor in nature, it shall be reported on a CDC Form 115 (Rev. 7/88), Rules Violation Report."